## G. B. WOODY v. CAROLINA SPRUCE COMPANY.

### (Filed 11 December, 1918.)

**1. Master and Servant — Employer and Employee — Physician — Unskillful Services—Negligence—Consideration—Damages.**

An employer who furnishes medical treatment, when required, to his employees, upon an assessment plan to meet the expenses thereof, is required to exercise due care in the selection of the physician and in continuing him in its service, and, upon its failure to do so, is responsible in damages to an employee caused by his incompetency.

**2. Same—Evidence.**

Where the employer is liable in damages for the unskillful treatment of an incompetent physician it had engaged for its employee, testimony of other physicians that an operation by him was unskillfully performed on an employee entitled to such services, and that the patient thereby suffered injury, tends to prove the incompetency of the physician employed.

**3. Same—Knowledge—Notice—Inquiry—Assurance.**

Where there is evidence that an employee of defendant had complained to the defendant that a physician the latter had engaged to attend to its employees when in need of medical care was incompetent, and thereafter sues to recover damages for unskillful medical treatment at his hands, under assurance by the employer, at the time, of the competency of the physician: *Held*, evidence sufficient to show that the defendant knew, or was put upon reasonable inquiry, of the incompetency of the physician, and that the employee relied upon the assurance of his employer in submitting to the operation, which he had the right to do.

ACTION, tried before *Justice, J.,* at August Term, 1918, of YANCEY. From judgment of nonsuit plaintiff appealed.

*Hudgins, Watson & Watson for plaintiff.*
*Pless & Winborne and J. Bis Ray for defendant.*

BROWN, J. This case was before us at a former term, and is reported 175 N. C., 545. The facts are fully stated in the opinion of *Mr. Justice Walker* granting a new trial for error in the admission of evidence.

The plaintiff was in the employment of defendant as mill foreman. On 15 April, 1916, while discharging his duties around the mill plaintiff broke both bones of his right arm between the elbow and wrist.

Plaintiff and defendant had entered into an agreement whereby plaintiff was to pay out of his wages one dollar per month to defendant, and in consideration of this defendant agreed to furnish a competent physician to treat plaintiff in case of sickness or injury. This regulation of defendant applied to all its employees.

Plaintiff further avers that defendant failed to employ a physician of competent skill, and that the physician employed, one D. J. Smith, was unskillful and incompetent, and that defendant had knowledge of his incompetency.

Plaintiff avers that when his arm was broken it was set by Dr. Smith and Dr. C. S. Aldridge, president of the defendant company, who was not a practicing physician, although at one time he was reported to have practiced; that the operation was performed with such gross unskillfulness that the plaintiff was seriously and permanently injured.

Plaintiff further alleges that he insisted at the time upon sending for a competent physician, but the president of defendant company assured plaintiff that Dr. Smith could do it as well as any one.

It is contended in the brief of the learned counsel for defendant that the nonsuit should be sustained upon two grounds: "The first being that there was not sufficient evidence to go to the jury that the doctor was an unskilled and incompetent surgeon, or if he was, the defendant knew of it or might reasonably have known of it; and, second, that if the doctor was unskilled, the plaintiff knew of this fact, and notwithstanding his full knowledge, as shown by his cross-examination, he accepted his service and is not permitted to complaint of the defendant."

There is abundant evidence, and we do not understand it to be denied, that Dr. Smith was employed by defendant to treat its employees, and that they were assessed to pay the expenses. The defendant was under no legal obligation to employ a physician to treat its employees, but when it assumed to do so and to deduct a monthly sum from their wages for medical attention, it was under obligation to exercise due care in selecting the physician and in continuing him in its service. *Guy v. Fuel Co.,* 48 L. R. A., 536, cited and approved in the former opinion in this case.

Viewing the evidence in its most favorable light for plaintiff, as we must do in cases of nonsuit, we are of opinion that the learned judge erred, and that he should have submitted issues to the jury with appropriate instructions.

The evidence of Drs. Biggs and Gibbs tends to prove that the operation was very unskillfully performed, and that the plaintiff suffered in-

MITCHELL v. R. R.

jury thereby. This of itself tends to prove incompetency upon the part of those who performed the operation. There is also evidence that defendant had knowledge of or facts sufficient to put it on inquiry of Dr. Smith's incompetence, and that notwithstanding it continued him in its service.

There is evidence that plaintiff some time before he was injured complained to the president of the company of Dr. Smith's incompetence, and when he was injured the president assured him that he and Smith were fully competent to perform the operation, and that defendant, in submitting to the operation, relied upon such assurance, as he had a right to do.

We will not further discuss the evidence as it might prejudice the defendant on another trial.

Error.