## G. B. WOODY v. CAROLINA SPRUCE COMPANY.

(Filed 3 December, 1919.)

1. **Instructions—Employer and Employee—Master and Servant—Negligence —Physicians—Malpractice.**

   Where a corporation is liable for damages caused by the malpractice of a physician while attending, professionally, one of its employees, and an issue has been submitted in his action as to whether the corporation

had continued to employ the physician after notice of his incompetency, a charge of the court to find the issue in the affirmative, if the defendant had ascertained from all sources the physician's incompetency, should be read in connection with another portion of the charge, that the jury should find this to be a fact by the greater weight of the evidence, and when so read, the instruction is not erroneous.

**2. Same—Assumption of Risks.**

Where there is an issue as to whether the plaintiff, an employee of the defendant corporation, assumed the risk of being professionally treated by a physician the defendant had selected, and for whose lack of skill the defendant was liable, an instruction upon the evidence is not erroneous that the jury find the issue "No" if plaintiff asked the defendant's president and general manager if he had not better send for another physician, and was advised by him to the contrary, that he, the president, and the physician could perform the services as good as any one, and that the plaintiff had the right to rely upon such assurance.

WALKER and ALLEN, JJ., dissenting.

APPEAL by defendant from *Finley, J.,* at March Term, 1919, of YANCEY.

The plaintiff was injured in the service of the defendant company, and alleges that the physician employed by the defendant, and who was compensated by monthly payments collected by the company from the employees, was guilty of negligence and malpractice.

Verdict and judgment for the plaintiff. Appeal by defendant.

*G. E. Gardner and Hudgins, Watson & Watson for plaintiff.*
*Johnston & Hutchins and Pless & Winborne for defendant.*

CLARK, C. J. This case has been already twice before this Court. In *Woody v. Spruce Co.,* 175 N. C., 545, the defendant appealed, the verdict being $3,500, and this Court, in an opinion by *Walker, J.,* granted a new trial for the erroneous admission of a letter claimed, but not duly proven, to have been written by the president of the defendant company. On the second appeal in this case, 176 N. C., 643, this Court, by *Brown, J.,* set aside the judgment of nonsuit, holding that "An employer who furnishes medical treatment to his employees, upon an assessment plan to meet the expenses thereof, is required to exercise due care in the selection of the physician, and in continuing him in its employ, and upon failure to do so is responsible in damages to an employee, caused by the incompetency of the physician." On that appeal the evidence was substantially as in this, and the Court held: "There is abundant evidence, and we do not understand it to be denied, that Dr. Smith was employed by defendant to treat its employees, and that they were assessed to pay the expenses. The defendant was under no legal obligation to employ

WOODY *v.* SPRUCE CO.

a physician to treat its employees, but when it assumed to do so, and to deduct a monthly sum from their wages for medical attention, it was under obligations to exercise due care in selecting the physician and in continuing him in its service. *Guy v. Fuel Co.,* 48 L. R. A., 536, cited and approved in the former opinion in this case."

The first assignment of error in this appeal by the defendant is to an instruction to the jury: "If after the defendant ascertained from any and all sources that the physician was incompetent, if it did ascertain such fact, it kept him in its employment, then you will answer 'Yes' to the second issue," which was, Did the defendant engage and employ Dr. D. J. Smith as its physician to treat the plaintiff, and his family, and if so, was the defendant negligent in so engaging or in continuing him in its employment. This instruction must be read in connection with the other part of that instruction, which was that if the jury found by the greater weight of the evidence that the defendant engaged Dr. Smith to treat the plaintiff and other employees, and that after it had notice of his incompetency and unskillfulness, it continued him in its employment, and that he was in fact incompetent and unskillful, they should answer this second issue "Yes."

The defendant owed the duty to the plaintiff, after it had undertaken to secure a doctor for him, to secure one of reasonable skill and ability. *Woody v. Spruce Co.,* 176 N. C., 644; *Guy v. Fuel Co.,* 48 L. R. A., 536.

The second assignment of error is because the court instructed the jury: "If you shall find from the greater weight of the evidence that after the plaintiff was injured he asked Dr. Aldrich, the president and general manager of defendant, if he had not better send for another physician, and if you find that Dr. Aldrich then advised the plaintiff that it was unnecessary, that he and Dr. Smith could set the arm as good as any one, that it was only a simple fracture, then the court charges you the plaintiff had a right to rely upon such assurance, and you will answer the fourth issue 'No.'" This issue was, "Did the plaintiff assume the risk of the treatment by Dr. Smith for the injury complained of in this action?" This point was ruled upon in the former appeal, 176 N. C., 645, where *Brown, J.,* said: "There is evidence that plaintiff, some time before he was injured, complained to the president of the company of Dr. Smith's incompetence, and when he was injured the president assured him that he and Smith were fully competent to perform the operation, and that defendant, in submitting to the operation, relied upon such assurance, as he had a right to do."

There was no other physician, so far as it appears, immediately at hand, and the plaintiff had paid his assessments for the employment of the company's physician, and though he may have had doubts as to his competency, when the president of the company assured him that the

fracture was simple, and that he and Dr. Smith could set the fracture as good as any one, the plaintiff was not guilty of contributory negligence, nor did he assume the risk by trusting. to the assurances of the president, upon the circumstances of this case. The reply of the president was equivalent to telling the plaintiff that the company would not employ any other physician, and the plaintiff had to take the service offered him or go without medical treatment. The requests to charge were properly refused.

No error.

WALKER, J., and ALLEN, J., dissenting: There was a clear error in this instruction of the court: "If you shall find from the greater weight of the evidence that after the plaintiff was injured he asked Dr. Aldrich, the president and general manager of defendant, if he had not better send for another physician, and if you find that Dr. Aldrich then advised the plaintiff that it was unnecessary, that he and Dr. Smith could set the arm as well as any one; that it was only a simple fracture; then the court charges you he had a right to rely upon such assurance, and you will answer the fourth issue 'No.' "

The fourth issue and answer were: "Did the plaintiff assume the risk of the treatment by Dr. Smith for the injury complained of in this action? Answer: 'No.' "

The question under this issue was one of fact, whether plaintiff actually relied upon the assurance of Dr. C. S. Aldrich, or whether he did not do so, and thereby assumed the risk by acting upon his judgment and responsibility, whereas the court charged that if the doctor gave him the assurance, he had the *"right* to rely on it," and they will answer the fourth issue "No." It is manifest that the question was not whether he had the *right* to rely on the assurance of Dr. Aldrich, but whether he did rely upon it, and the importance of this distinction will more clearly appear, if it is not now sufficiently so, when we consider the evidence, for the plaintiff testified that while Dr. Aldrich gave him this assurance, he did not believe it. We are not contending there was no evidence that he relied upon it, but that the fact involved, whether he did or not rely upon it, was not submitted to the jury, and the finding of the jury in response to that issue was made to turn solely on his *right* to do so. Nor is the case as reported in 176 N. C., 645 (op. by *Brown, J.*), any authority to sustain such an instruction. There the finding was made to turn on the question whether he had actually relied upon the assurance and not solely, as here, upon his right to rely upon it. Besides, the Court was there referring only to the evidence and not to the charge, as plainly appears from the passage which the Court takes from that opinion, as follows: "There is evidence that plaintiff, some time before he

was injured, complained to the president of the company of Dr. Smith's incompetence, and when he was injured the president assured him that he and Smith were fully competent to perform the operation, and that defendant, in submitting to the operation, relied upon such assurance, as he had a right to do." So we see that *this* point was not ruled upon in the former appeal. We therefore dissent from the judgment of the Court, as we are of the opinion there was error in the respect pointed out, which entitles defendant to a new trial.

The verdict was a directed one, as it was made to depend entirely upon the right to rely upon the assurance, which was held, as matter of law, to exist, and thereupon the jury were instructed to answer the issue "No." They could do nothing else under this charge.