CHICAGO, R. I. & G. RY. CO. v. TAYLOR.
(No. 8790.)

(Court of Civil Appeals of Texas. Ft. Worth.
March 9, 1918. Rehearing Denied
April 30, 1918.)

1. WITNESSES ☞240(4) — LEADING QUES-
TIONS.

A question, "Did you * * * sign this
document * * * upon the representations
made by D.?" and a question, "Now Mrs. T.
state to the jury whether or not at the time
you * * * signed this agreement or vouch-
er, you relied upon the representations and
statements made by the claim agent, and the
representations made by Dr. F. with reference
to the injuries," were leading and suggestive.

2. APPEAL AND ERROR ☞1048(3)—PREJUDI-
CIAL ERROR—LEADING QUESTIONS.

Where defendant's doctor told plaintiff her
injuries were slight and advised her to settle,
and defendant's claim agent advised her to set-
tle because her injuries were slight, admission
of answers to such leading questions, could not
be held to be harmless, where there was no other
testimony tending to show the same facts.

3. RELEASE ☞17(2)—DAMAGES TO PERSON—
REPRESENTATIONS BY PHYSICIAN.

Advice of a physician of a railroad to set-
tle, or his false representations as to extent of
injuries, are not grounds for setting aside a re-
lease, where the physician had nothing to do
with obtaining releases and the claim agent had
no knowledge of the false representations and
advice, or did not knowingly take advantage of
the injured person's confidence in the physician.

4. TRIAL ☞260(2) — INSTRUCTIONS — RE-
QUESTS.

Where all the issues and principles of law
are contained in the general charge, it was
proper to refuse requested instructions.

Appeal from District Court, Wise County;
F. O. McKinsey, Judge.

Action by Mrs. E. J. Taylor against the
Chicago, Rock Island & Gulf Railway Com-
pany. Judgment for plaintiff, and defend-
ant appeals. Reversed and remanded.

McMurray & Gettys, of Decatur, and Las-
siter & Harrison, of Ft. Worth, for appellant.
Taylor, Allen & Taylor, of Henrietta, and
Ratliff & Spencer, of Decatur, for appellee.

BUCK, J. The appellee sued the appel-
lant for personal injuries alleged to have
been received by her while attempting to
board appellant's train at the town of Sag-
inaw on March 2, 1916. She alleged that
she and her grown son had purchased tick-
ets over appellant's line of railway from Sag-
inaw to Bridgeport; that she was 76 years
old and was weak and feeble in body at said
time, which said fact was well known to em-
ployés of appellant operating said train, and
especially to the conductor and brakeman;
that her son was carrying two suit cases
and other baggage, and could not assist
plaintiff in getting on said train, and that
he asked the conductor and brakeman, who
were assisting the plaintiff in getting up the
steps and onto the platform, not to start
said train for a few minutes until the plaintiff
could walk into the coach and be seated, as

she was very feeble; that in spite of said
request, defendant's agents started said
train before plaintiff was seated, and started
it with a jerk, causing plaintiff to be thrown
against the end of a seat in said coach and
onto the floor, and caused her to be injured
in her shoulder, arm, side, neck, and other-
wise. In addition to defendant's plea of gen-
eral denial, it specially pleaded settlement,
and that in consideration of the sum of $50
plaintiff had executed a release to defend-
ant of all claims and liabilities by reason of
said injuries. By supplemental petition,
plaintiff alleged, in general terms, that the
settlement made and release executed was
void for the reason that same was procured
and obtained by defendant through its agents
and employés by false and fraudulent rep-
resentations, and further pleads as follows:

"That Dr. P. C. Funk, who is now and was
at the time of said injuries and at the time of
said purported settlement a local physician of
the defendant company at Bridgeport, Tex.,
waited upon and treated the plaintiff for the
injuries set forth in her original petition herein,
and the said Dr. Funk falsely and fraudulently
represented and stated to the plaintiff that her
injuries were not serious, and that the same
were slight and temporary, and that she was
suffering from other ailments than said injuries,
and advised and stated to the plaintiff that she
had better settle with the defendant for what-
ever sum she could get, and the defendant's
claim agent, who procured said settlement with
the plaintiff, falsely and fraudulently repeated
said statements of the said Dr. Funk, and urged
that as a reason why the plaintiff should ac-
cept the sum of $25 for the injuries which she
had received, and stated that he would pay no
more than that, and the plaintiff relied upon
and believed the said representations of the
said Dr. Funk, and at the said time had con-
fidence in the said Dr. Funk, and, so relying
and believing his said* statements as above set
forth, she was thereby induced to make said
settlement, and that the same is therefore void
and invalid."

The cause was submitted to a jury under
a general charge, and resulted in a verdict
in favor of plaintiff in the sum of $1,500,
upon which was credited the $50 paid under
the alleged settlement. From this judgment
the defendant has appealed.

Appellant's brief contains nine assignments
of error, the first two directed to the over-
ruling of the objections made by appellant
to certain questions propounded to plaintiff
while a witness in the case, which were
claimed to be leading and suggestive. As-
signments 3, 4, 5, and 6 complain of the re-
fusal to give the requested special charges;
the seventh and eighth complain that the
verdict and judgment was not supported by
the evidence, and the ninth urges that, in
any event, the amount of the verdict is grossly
excessive and not supported by the evidence.

[1] While plaintiff was testifying as a wit-
ness, her counsel asked her the question:

"Did you finally agree and finally sign this
document, the voucher, upon the representations
made by Mr. Davidson, the claim agent, as to
what Dr. Funk had said?"

Again counsel asked her:

"Now, Mrs. Taylor, state to the jury whether or not at the time you accepted this $25, and at the time you signed this agreement or voucher, you relied upon the representations and statements made by the claim agent, and the representations made by Dr. Funk, with reference to the injuries."

To both of these questions appellant objected on the ground that they were leading and suggestive, and, the witness having answered in the affirmative as to each, appellant excepted. We think there can be no question about the questions being leading and suggestive, and that the court erred in overruling the objections.

[2, 3] The appellee urges that, even if there was error in the ruling of the court, such error is harmless, and does not require reversal, because the witness had theretofore testified at length with reference to the settlement between her and Mr. Davidson acting for appellant, and with reference to the reasons and representations which induced her to accept the settlement offered and to execute the release; that at most the answer of the witness to the two questions objected to constitute but a repetition of what she had already testified, and that no objection was made on that ground. In G., C. & S. F. Ry. Co. v. Huyett, 99 Tex. 630, 92 S. W. 454, 5 L. R. A. (N. S.) 669, the Supreme Court held that evidence that the physician in the employ of plaintiff's master made misrepresentations to plaintiff, who had been injured through the negligence of defendant, as to his condition, and that on an occasion not shown to have had any connection with the settlement made by plaintiff the physician, when asked by plaintiff as to the propriety of his making a settlement replied that a reasonable settlement would be better than a prolonged lawsuit, did not warrant a finding that the physician was employed to make the representations, or that the master or the agent who made the settlement knew of the representations, as against uncontradicted testimony to the contrary; and that an employé may not have his settlement with his employer for personal injuries set aside for misrepresentations as to his condition of health by a physician in the master's employ, the physician having no authority in relation to the settlement or to make the representations, the representations not having been made in the transaction in which the settlement was made, and the master or the agent who made the settlement having no knowledge of the representations. There the court said:

"According to this, if the representations relied on had been made by the agent who effected the settlement, but in a different transaction, it could not affect the rights of the principal under the contract. For a stronger reason is this true of a representation made, not only in a different transaction, but by another agent, having no authority in relation to or connection with the settlement. His statements have only the relation to the contract of settlement

that those of a stranger would have, for the reason that in making them he did not represent the defendant with respect to the settlement. Thompson on Corp. § 6324; Bank v. Cruger, 91 Tex. 451, 452, 44 S. W. 278. The mere fact, therefore, that he was the agent of defendant for some purposes does not make his representation available as a reason for avoiding a contract which he did not make."

In this opinion it is further said:

"It is also true that, if it were shown that defendant or its claim agent used the physician as an instrument to deceive plaintiff as to his condition, in order that an advantageous settlement might be made, or that the claim agent and the physician acted together in so procuring the release, the contract would be affected by the physician's representations as fully as if he had been the only agent employed in the transaction (I. & G. N. Ry. Co. v. Shuford, 36 Tex. Civ. App. 251, 81 S. W. 1189); and it may be that, if the claim agent in effecting the settlement knew and took advantage of the state of plaintiff's mind, caused by deception practiced by the doctor, the result would be the same."

The evidence in the instant case shows that Dr. Funk, according to the plaintiff's testimony, prior to the time of the purported settlement between the railway company and plaintiff, made statements to plaintiff, with reference to her condition, to the effect that her injuries were slight, and that she would soon recover therefrom, and that most of her trouble was from causes other than her fall while a passenger on defendant's train. These statements which the plaintiff claimed Dr. Funk made to her were in effect even stronger as to the slightness of her injuries than the statement that the plaintiff claimed the claim agent imputed to Dr. Funk. It is not shown in the evidence, and we do not think it is seriously claimed by appellee, that Dr. Funk had anything to do with the settlement or adjustment of claims against the appellant company. He was employed as the local physician or surgeon at Bridgeport, and, it seems, was engaged in the general practice there. He had been called in, at the instance of Mrs. Taylor herself, to treat her, after her arrival at Bridgeport and after she had been taken to the house of her daughter, Mrs. W. W. Shelton. He visited her some three times, and then, several days having elapsed, Mrs. Taylor sent for him again. He made some eight visits altogether. Mr. Davidson testified that he did not see Dr. Funk between the date of Mrs. Taylor's injury and the date of settlement. Dr. Funk testified to the same effect. Davidson also testified that it was Dr. Funk's practice to make a report to the appellant's claim department of injury cases which he treated, and he (Davidson) had doubtless seen such report with reference to Mrs. Taylor's case before the settlement was made. The plaintiff's counsel evidently recognized that it was necessary, in order to sustain a recovery and to set aside the settlement, to show that at the very time of the settlement the representations as to what Dr. Funk had said were made to plaintiff, and that she was induced thereby to make the settlement,

and that such representations were false. The fact that the representations had been made by Dr. Funk would not have been sufficient to set aside the settlement, because they were made at a time and under circumstances not connected with the making of the settlement, and were not made by one having authority, apparent or actual, from the appellant to compromise the claim. But if these representations or statements of Dr. Funk that were claimed to have been made to plaintiff while treating her as her physician were used afterwards by the claim agent, knowing that plaintiff had confidence in the judgment and honesty of the physician, in order to induce her to make a settlement, and such statements and representations were false, and were fraudulently used by the agent for the purpose of inducing a settlement, and plaintiff at that time relied on such statements, under the doctrine announced in the Huyett Case, supra, and in the same case in 49 Tex. Civ. App. 395, 108 S. W. 502, where on the second appeal the judgment of the trial court for plaintiff was affirmed, such facts and conditions might justify a setting aside of the settlement on the ground of fraud. We are of the opinion that the record fails to disclose that up to the time of the asking and answering of these leading questions, Mrs. Taylor's testimony had evidenced a state of facts bringing the case within a rule announced in the two Huyett Cases. We think the objectionable questions were evidently propounded with the view of eliciting the testimony necessary. Hence we are not able to say that reversible error is not shown under these two assignments, and hold that it is.

At the time of the settlement, Mrs. Taylor was staying with her daughter, Mrs. W. W. Shelton, in the town of Bridgeport, to whose home she had been carried upon her arrival from Saginaw. There is no question about Mrs. Taylor's execution of the release, and there is no claim made in the petition that at the time of the settlement Mrs. Taylor was not of sound mind, or that she was mentally incompetent to contract or execute the release. Only four persons besides Mrs. Taylor were present at the time of the settlement, to wit, Mrs. Mollie Shelton, daughter of plaintiff, and her husband, W. W. Shelton, their daughter, Miss Audrey Shelton, and the claim agent, W. H. Davidson. All of these denied that any effort was made by Mr. Davidson, or any one else, to induce the plaintiff to accept the settlement offered and to execute the release. The testimony was to the effect that Mr. Davidson told her that he was not authorized to offer more than $50; that she asked him if he would not pay her $75, and further asked him if he would

not pay the drug bill incurred, but that he replied that $50 was all he was authorized to pay, that she could accept it or not, as she saw fit; that Mr. Shelton read the release over to her and explained it to her; that Mrs. Taylor signed the same by touching the pen, and Mr. Davidson gave her a check; that $25 of the amount was given Mrs. Shelton, to remunerate her for the care and nursing of Mrs. Taylor during the several weeks she was confined at her house, and $25 given Mrs. Taylor, who put the money in her purse and took it away with her when she left, some four days later. It may be stated that Dr. Funk denied any effort on his part to induce Mrs. Taylor to make a settlement, except that he told her, when she asked him for his opinion, that he thought it was better to settle a case of this kind rather than to have a prolonged lawsuit. He further testified that he told Mrs. Taylor that he considered her injuries slight, and he stated on the trial that he was of the same opinion at that time. While some of us question the sufficiency of the evidence to sustain the judgment canceling and setting aside the release and settlement, yet the writer is of the opinion that, while the evidence supporting the judgment as to this feature is not so cogent as it might be, and consists largely of the testimony of Mrs. Taylor herself, yet that this court is not justified in reversing the judgment and here rendering judgment for appellants on the ground that appellee failed to sustain her allegations of fraudulent settlement by the necessary quantum of proof. While the burden of proof was on appellee to establish the fraud, and while the other witnesses who were present at the time of the settlement contradicted the appellee as to what occurred at the time of settlement with reference to the alleged statements of the claim agent, yet in the opinion of the writer the jury were authorized to believe the plaintiff, and apparently did so.

Since the judgment must be reversed for errors heretofore mentioned, the court deems it unnecessary to pass upon the sufficiency of the evidence in the respect mentioned.

While there is some question in our minds as to the claimed excessiveness of the verdict and judgment, it will not be necessary, in view of another trial, for us to pass upon the ninth assignment raising that issue.

[4] We are of the opinion that the other assignments should be overruled, on the ground that, so far as they are applicable, the issues and principles of law contained therein were presented in the main charge.

The judgment is reversed and the cause remanded.

Reversed and remanded.