SAM ANGEL v. CAROLINA SPRUCE COMPANY.

(Filed 10 December, 1919.)

1. **Employer and Employee—Master and Servant—Negligence—Evidence—Trials.**

     Evidence tending to show that the plaintiff, having had long experience and skill in the particular work, was left to his own methods in cutting out timber from lands, and had cut the branches from a felled tree for its more convenient placing when it rolled upon his foot, causing the injury complained of, is insufficient upon the question of the defendant's actionable negligence; nor will this principle be affected by reason of an order of his superior employee to roll this particular tree down a hill for convenient removal when it does not appear that the hazard was thereby increased or that any serious injury was likely to result therefrom. *Rumbley v. R. R.*, 153 N. C., 457, cited, approved and applied.

2. **Employer and Employee—Master and Servant—Principal and Agent—Physicians and Surgeons—Negligence—Damages—Questions for Jury—Evidence—Trials.**

     Evidence tending to show that a corporation, with previous knowledge of the incompetency or unskillfulness of a physician selected by it to attend and treat the plaintiff for an injury received in its employ, and that the plaintiff and other employees paid the defendant, under a certain plan, certain fees or amounts of money for the purpose of paying the physician's salary is sufficient for the consideration of the jury as to the recovery of damages to plaintiff caused by the lack of proper skill of the physician it had thus selected.

.3. **Evidence—Nonsuit—Motions—Trials.**

On a judgment of nonsuit against the plaintiff, the evidence which makes in his favor must be taken as true and construed in the light most favorable to him.

APPEAL from *Webb, J.,* and a jury, at August Special Term, 1919, of YANCEY.

The complaint sets forth two causes of action:

First. That while plaintiff, an employee of the company, was engaged ·as wood chopper in getting out timber from the company's land, a tree, which plaintiff and another had felled in the course of his work, rolled ·on plaintiff's foot, mashing it severely and ultimately causing the loss of ·several toes. The negligence imputed being a failure to provide plaintiff with a safe place to work, and negligent directions given by one W. E. ·Wiseman, plaintiff's boss, and who stood towards plaintiff in relation of ·vice principal.

The second cause of action being for injuries and pain and suffering, ·due to treatment of plaintiff's hurt, or lack of it, by an unattentive and unskillful physician employed by the company to treat its injured em- ·ployees, retained by the company with full knowledge of his limitations ·and methods. At the close of the testimony, on motion, there was judgment of nonsuit as to both causes of action, and plaintiff excepted and .appealed.

*R. Wilson and G. E. Gardner for plaintiff.*
*Charles Hutchins and A. Hall Johnston for defendant.*

HOKE, J., after stating the case: On the first cause of action there were facts in evidence on the part of the plaintiff tending to show that in the latter part of 1916 and the first part of 1917 plaintiff and one Willard Gregory, an employee of defendant, were engaged in getting out timber from the company's land in said county, and in the course of their employment had cut down a tree that fell so as to make it inconvenient for sawing the same into logs. That with a view of giving the tree a better placing, they proceeded to cut off the branches and top of the tree, and as they cut the latter the body of the tree rolled down on plaintiff's foot, severely injuring it, so that from the hurt, or the negligent treatment of the company's physician, who attended plaintiff, or from both, three of his toes, the great toe and two next to it, had to be amputated. It further appeared that plaintiff had long been engaged in work of this kind; that the particular job was well within his experience and training, and he was left largely to his own methods of doing it. Upon these facts, chiefly pertinent to the inquiry, we see nothing that ·tends to establish culpable negligence on the part of the company. In

*Rumbley v. R. R.*, 153 N. C., 457, plaintiff and another carpenter had been sent by defendant to take down an old shed on the company's right of way. While standing on one of the joists knocking loose the rafters overhead they gave way, knocking the plaintiff to the ground and causing the injuries complained of. On these facts a judgment of nonsuit was sustained, and the Court, in delivering the opinion said: "The work that the plaintiff was given to do was simple in operation, and well within his experience and training, and he was left to select his own method of doing it. On the facts presented there has been no breach of legal duty established, and the judgment of nonsuit has been properly allowed."

Numerous decisions of the Court on the subject are in approval of the principle, and fully support the judgment of nonsuit on plaintiff's first cause of action. *Simpson v. R. R.*, 154 N. C., 51; *Bunn v. R. R.*, 169 N. C., 648; *Winbourne v. Cooperage Co.*, at present term, and other like cases. Nor is position affected by the testimony of plaintiff that Wiseman, who was the boss in general supervision of the plaintiff, gave directions that this tree, when cut, should be thrown down the hill. Wiseman does not seem to have been present at the precise time of the cutting, but whether he was or was not, the order was given only with a view of having the logs, when cut, nearer the road, and thus more convenient for removal, and it does not appear that there was any increased hazard in so throwing the tree, nor that injury of any serious kind was at all likely to result from the order. *Winbourne v. Cooperage Co., supra,* and the authorities cited.

On the second cause of action there are facts in evidence which tend to show that plaintiff, an employee of defendant, or on their payroll and engaged in work for their benefit, having received injuries as above stated, was treated by a physician employed or provided by the company to attend to employees doing their work, and that under the arrangement, plaintiff, at the time of the injury, was duly assessed by the company for paying the doctor. That he was unskillful, incompetent, and careless, and that this was well known to the company and its managing officers, and that by reason of this physician's lack of proper care and the bungling methods in the treatment he afforded, plaintiff's sufferings were greatly aggravated and prolonged, the injured toes became gangrenous and had to be amputated, and even more serious results were threatened. It is uniformly held by us that on a judgment of nonsuit against the plaintiff, the evidence which makes in favor of plaintiff's claim must be taken as true and construed in the light most favorable to him, and applying the rule, and under our decisions, applicable to the facts so considered, the inference of an actionable wrong on the part of the company is clearly presented, and plaintiff is entitled to have his

cause submitted to the jury. *Woody v. Spruce Co.,* at the present term, and authorities cited; *same case,* 176 N. C., 643, and *same case,* 175 N. C., 545. We are not inadvertent to the position insisted on by defendant that the facts in evidence tend to show that Wiseman was doing this work as an independent contractor, and that the relationship of employer and employee did not exist between plaintiff and defendant. There is evidence which may be so interpreted, but there is also testimony permitting the construction that Wiseman was himself but an employee of the company at this time under the principles approved in *Beal v. Fibre Co.,* 154 N. C., 147, and other like cases, and, furthermore, whether Wiseman was one or the other, that at the precise time of the injury plaintiff was on the company's payroll, and being assessed for the salary of the physician who had been secured by the company for the purpose of treating their hands, and of whose neglect plaintiff now complains. As to what bearing this evidence may have on the ultimate rights of these parties we consider it best not to make definite decision until the facts shall be more fully and clearly established.

For the reasons indicated the judgment of nonsuit as to plaintiff's first cause of action is affirmed, and on the second cause of action the judgment will be set aside, and the cause proceeded with in accordance with law and course and the practice of this Court.

Error.