**DAVIS v. W. T. CARTER & BRO.**
**(No. 1871.)**

Court of Civil Appeals of Texas. Beaumont.
June 19, 1929.

Rehearing Denied July 24, 1929.

Adams & McAlister, of Nacogdoches, for appellant.

Feagin & Feagin, of Livingston, and Baker, Botts, Parker & Garwood, of Houston, for appellees.

O'QUINN, J. Appellant sued appellees, a partnership doing a general sawmill and lumber manufacturing business, to recover damages for injuries received by him while working for them in cutting and clearing out a right of way; the alleged injuries arising from being struck by a falling limb. He charged that appellees were negligent in the following particulars:

"(a) In not providing a safe place for the plaintiff to work, in that the work required that the ground be cleared of rubbish about the trees being cut, so as to allow plaintiff and those with him to dodge falling limbs, but plaintiff was ordered to cut trees with grounds covered with rubbish that entangled him when he sought to get out from under the tree cut and avoid the falling limbs, as rubbish on the ground made the work and risk unusually and extraordinarily hazardous in that the defendants failed to provide a safe place to work."

"(b) In having the trees cut in the manner and way in which they were cut, in that the defendants were careless and negligent in not providing for a sufficient number of employés to do the work required, in that they should have had an employé to overlook the felling of the trees and warn the plaintiff of the approaching danger in time to have avoided the injury as the number of employés were insufficient."

"(c) In ordering the plaintiff to assist in cutting the trees, as they were cut without having properly provided for his safety, in that the ground about the trees was not clear and did not allow plaintiff an avenue of escaping as they should have done, as he was a beginner and knew nothing of the work which he was ordered to do, and the defendants should have informed him, as to the hazardousness of the premises, as the same was unknown to plaintiff."

Appellant further alleged that the negligence of appellees complained of was the direct and proximate cause of the injuries received by him, and prayed for damages in the sum of $11,500.

Appellees answered by general demurrer and general denial.

The case was tried to a jury, but, at the conclusion of appellant's evidence, the court instructed a verdict for appellees, which was returned, and judgment accordingly entered. From that judgment appellant brings this appeal.

Appellant presents but one assignment of error, and that is:

"The court erred in giving and in not refusing the defendants' request for an instructed verdict, as the case was one involving the compensation law of the State of Texas, and the common law defenses were not available to the defendants, and the only issue that ought to have been submitted to the jury was whether or not the plaintiff was injured through the negligent act of the defendants, as the matters of contributory negligence, assumed risks and the acts of fellow servants could not be considered by the court in this cause and the facts as produced and submitted to the jury were such as to raise in the minds of different persons different views, and should have been determined by the jury in the absence of the common law defenses as aforesaid."

Under this assignment he urges three propositions. They are:

"(a) An employer subject to compensation insurance has only two issues as a defense, to wit: that there was no negligence and an intentional infliction of the injury in the course of his employment.

"(b) In order to warrant an instructed verdict the evidence must be such as to authorize but one conclusion to be drawn therefrom by reasonable minds.

"(c) Plaintiff having introduced evidence tending to support the allegations in his petition, was entitled to have the same submitted to the jury, no matter how much in conflict the contradictory evidence may have been."

Appellant refers us to article 8306, R. S. 1925, as supporting his first proposition. There is no controversy as to this. Appellees admit that at the time of plaintiff's injury they were not subscribers under said

law, and that they were subject to its provisions so far as the defenses of assumed risk and contributory negligence are concerned. But they insist that under said statute, section 1, subd. 4, it was incumbent upon appellant to plead and prove negligence on the part of appellees or of some agent or servant of theirs acting within the general scope of his employment. They defended on the ground that there was no negligence on their part which in any way contributed to appellant's injury. This admission of appellees disposes of appellant's first proposition.

■ We shall consider the second and third propositions together. The burden being on appellant to plead and prove negligence on the part of appellees, the question is, Did he do so? If this be answered in the affirmative, then the court erred in ordering the instructed verdict; if not, then the judgment must be affirmed.

On August 7, 1927, appellees were engaged in manufacturing lumber, and appellant was an employé working with others in cutting and clearing a right of way. This right of way was for a woods track to be used in logging the mill. The track at the place where the accident occurred had already been laid, and the crew of men were working under a foreman cutting and clearing out the right of way along the line of track. The only instructions given the men were to cut everything except trees suitable for mill logs. At the time the injury occurred, the foreman was not present. The men operated in their own way—they had no instructions as to how they should work. Some would cut or saw the timber down, others cut the timber up, and others dragged the timber out of the right of way. While appellant and one other employé were sawing a tree down, a limb fell on appellant and injured him. No one knew anything about the limb, as to how come it to fall or from where it fell. Appellant nor any other employé saw the limb before it fell or when it fell until after it hit appellant. That is all that is known as to its falling. The space around the tree where appellant was working had been cleared away—it is not shown that anything prevented appellant from getting out of the way when the limb fell. It fell unawares to any of the men, and hit appellant. The last and only instructions given the crew of men by the foreman was to go ahead and cut out the right of way—no instructions as to the manner or as to the cutting of any particular tree—simply to cut and clear out the right of way. It was shown that in doing this work the men would first clear out the underbrush and then cut the trees; that is, all but the merchantable timber trees. There were three trees standing close together, an old dead tree, a white oak, and a hickory. The dead tree was cut first. It fell without mishap. The limbs of the oak and hickory intermingled—the trees were close to each other. Appellant and an-

other employé sawed down the hickory, and, while it was falling, the limb, an oak limb, fell on appellant. It struck him on the head and shoulder inflicting considerable injury.

■■ We do not believe that the evidence discloses that appellees neglected to perform any duty they owed to appellant, but, to the contrary, that under the undisputed facts no negligence on the part of appellees is shown. Appellant, in his petition, sets out three grounds of negligence against appellees, (a), (b) and (c) set out supra. The first (a) and the third (c) are, in effect, the same, to the effect that appellees neglected to provide appellant a reasonably safe place in which to work, because the ground around and about the tree which he was felling at the time of his injury was not cleared of rubbish—underbrush. This allegation is not supported by the facts. It appears without dispute that the underbrush was cleared away before attempting to cut the trees. Moreover, it is shown that the limb which struck appellant fell quite unexpectedly and without any knowledge on appellant's part or of any one else that it was falling or was about to fall or likely to fall. If the allegations in appellant's petition were sufficient to present the question of appellees' duty to furnish appellant a reasonably safe place in which to work, it is not believed that under the facts shown any such duty existed. As the only danger connected with the place where appellant was at work was caused by the felling of the tree, the case is one where the danger was created by the employé in the progress of the work, and the safe-place doctrine does not apply. No Texas case involving a like situation as is here involved has been cited us, but the following decisions are in point: Mocabee v. Harbison-Walker Refractories Co., 194 Ky. 723, 240 S. W. 380; Stone v. Bennett, 194 Mich. 441, 160 N. W. 645; Anderson v. Columbia Improvement Co., 41 Wash. 83, 82 P. 1037, 2 L. R. A. (N. S.) 840; Cybur Lumber Co. v. Erkhart, 118 Miss. 401, 79 So. 235; Angel v. Carolina Spruce Co., 178 N. C. 621, 101 S. E. 384; Hagins v. Southern Bell Tel. & Tel. Co., 134 Ga. 641, 68 S. E. 428, 137 Am. St. Rep. 270, 20 Ann. Cas. 248. These decisions likewise dispose of appellant's contention that appellees were guilty of negligence in not having some agent or person on the ground to warn him of the danger of the work which he was performing. Whatever of danger there was was inherent in the work which appellant was performing and entirely incident thereto, and appellees could not reasonably have done anything that would have changed or lessened same or aided in avoiding same. West Lumber Co. v. Smith (Tex. Com. App.) 292 S. W. 1103.

Appellant cites us to the Smith Case, supra, and insists that same controls here. The facts in that case were vastly different from the facts in the instant case. In the Smith Case the employé, with others, was cutting

mill logs. In cutting down the trees, one tree fell against another and left a large swinging limb lodged in the standing tree. This was done by employés other than Smith and the employé working with him. The tree with the swinging limb was left uncut. The woods foreman of the company instructed Smith to cut the tree. Smith protested that it was dangerous. The foreman again ordered him to cut the tree in a manner that indicated that, if he refused, he would in all probability be discharged from service. Smith and the other employé then sawed the tree down, and in falling the swinging limb became detached and fell upon Smith, who, in trying to escape, was tripped by another limb already on the ground, and fell, the falling limb striking him and inflicting serious injury. In the instant case the foreman did not command appellant to cut the tree in question. Appellant and his co-worker voluntarily sawed the tree down. The limb that fell and hit appellant was not off of the tree cut down, but was off of another tree which stood close to the one cut down. No one saw the limb until after it fell on appellant. No one knew that it was likely to fall, or had any knowledge as to same. In the Smith Case the foreman observed the swinging limb, was aware of the danger existing in cutting down the tree, and over the protest of the employé commanded that he cut the tree. In the instant case the foreman was not present, had no knowledge of the limb that fell, and did not command appellant to cut the tree. What appellant did was done voluntarily and without any knowledge on his part or any other person that the limb would or was likely to fall. The cases are entirely different as to the facts, and are not ruled by the same principles of law.

No negligence on the part of appellees being shown, the judgment should be affirmed, and it is so ordered.

Affirmed.

### On Motion for Rehearing.

HIGHTOWER, C. J. Counsel for appellant have filed a vigorous motion for rehearing in this case, and earnestly insist that we erred in affirming the judgment of the lower court. The motion was argued orally for both sides, and has had our careful consideration. We have again concluded, however, that we were correct in affirming the judgment for the reason stated in the original opinion, which was that no negligence was shown on the part of appellee.

Counsel for the motion contend that we have held in this case that the defense of assumed risk, as that defense was available at common law, is still available as an affirmative defense to a nonsubscriber, notwithstanding the provision of our Workmen's Compensation Act taking away from a nonsubscriber the defense of assumed risk in express terms. As the writer of these remarks construes the opinion in this case written by Mr. Justice O'QUINN, we have not held that the defense of assumed risk is now available to a nonsubscriber as an affirmative defense. But, if the opinion is susceptible of that construction, I want it distinctly understood that I do not agree with it on that point. My views on the point are expressed in West Lumber Co. v. Morris & Barnes (Tex. Civ. App.) 257 S. W. 592, and in West Lumber Co. v. Smith (Tex. Civ. App.) 283 S. W. 1104, in which Mr. Justice O'Quinn wrote the opinion. I am not unmindful of the opinion of the Commission of Appeals in the latter case to the contrary, which was not approved by our Supreme Court, but only the disposition of the appeal adopted.

The motion for rehearing is overruled.

O'QUINN, J. I am in accord with the above remarks of Chief Justice HIGHTOWER.