## BOONE v. TEXAS EMPLOYERS' INS. ASS'N.
### No. 1299.

Court of Civil Appeals of Texas. Waco.
Dec. 29, 1932.

F. M. Fitzpatrick and W. V. Dunnam, both of Waco, for appellant.

Witt, Terrell & Witt, of Waco, for appellee.

BARCUS, J.

Appellant, while working for the Korioth Plumbing & Heating Company, on August 11, 1931, received an injury. Said company was carrying workman's compensation insurance with appellee. Appellant was carried to the Colgin Hospital in Waco, where he remained until about the 25th of September. During the time he was confined in the hospital, he received weekly compensation and all of the doctor's and hospital bills were paid by appellee company. He filed his claim for compensation with the Industrial Accident Board. On October 12th, appellant and appellee agreed upon a settlement for all claims appellant had by reason of said injury. Under the terms of said agreement, appellee was to pay appellant $225 in addition to the sums that had already been paid. This agreement was filed with the Industrial Accident Board and said board approved same, and in its order provided that the settlement would become final upon the actual payment by appellee of said amount to appellant. The money was actually paid to appellant on October 26, 1931. On November 5, 1931, appellant filed his application with the Industrial Accident Board to set aside said award. Said board, after hearing the facts, denied appellant's request. Appellant appealed to the district court, where same was tried to a jury, and, after the evidence was introduced, the trial court instructed the jury to return a verdict for appellee.

The sole question involved is whether, under the most favorable view of the testimony, appellant was entitled to have said award set aside. His contention is that the settlement was made by accident, mistake, or fraud and that by reason thereof, same should be set aside. No question is raised about appellant having been injured or that he was confined in the hospital for some seven or eight weeks. Appellant's main contention is that he was induced to make the settlement because of a fraudulent representation made to him by Dr. Colgin, the physician employed by appellee, to the effect that he, appellant, should have an operation and have an infected gland removed, and that, if he would undergo the operation, he would be entirely well in from two to four weeks. He testified that Dr. Colgin advised him, appellant, to go to the agent of appellee and make some kind of a settlement of his claim and get $150, being the necessary amount to pay for said operation; that the doctor told him it was absolutely necessary for him to have the operation and that, if he would have same, he would, within two weeks thereafter, be entirely well; that because of Dr. Colgin's statement, he went to the agent of the appellee and told appellee's agent that Dr. Colgin had said it was necessary for him to have this operation and that it would cost

the $150; that after some discussion as to the amount, he and appellee's agent agreed to settle for $225 in addition to the money already paid. Appellant further testified that the agent of appellee told him that, if they did not agree on a settlement and the matter got into court, it would remain there for several years and that the attorneys for appellant would get a large portion of any sum he might finally recover.

After appellant made the settlement, he did not have the operation. On October 14, 1931, two days after appellant signed the settlement release and eight or ten days before he actually received the money, he consulted Dr. Alexander in Waco and Dr. Alexander advised appellant that it was not necessary for appellant to have an operation. Dr. Alexander testified that at the time he examined the appellant, on October 14, 1931, appellant had some fever; that he treated appellant for about ten days at said time; that in his opinion it would not have been a good idea to operate because there was pus in the gland; that, if all of the infected gland had been removed, the pus would have cleared away; that an operation to remove the gland would have kept appellant in bed for fourteen or fifteen days and he ought then to have been able to go back to work if no infection set in; that he examined appellant again in January, 1932, and in his opinion appellant was well and able to go to work; that since pus had already formed in the glands at the time he first examined appellant, on October 14th, it was not advisable to perform the operation; and that in his opinion, it would be ill-advised at that time.

The foregoing is the strongest interpretation we think that could be put on the testimony most favorable to the appellant. Under said facts, we think appellant did not show any ground or reason for setting aside the settlement he made with appellee. The only possible misrepresentation made to appellant by Dr. Colgin was that in his judgment an operation to remove the infected gland should be performed and that, if appellant would undergo the operation, he would be entirely well in from two to four weeks. Whether the doctor was correct will never be known because, under the undisputed facts, said operation was not performed. At the time Dr. Colgin told appellant that he thought the operation should be performed and sent him to the insurance company's agent to make some settlement, appellant knew the opinion of said doctor and therefore made the settlement with appellee with full knowledge of the opinion of said physician. Prior to the time he actually accepted the money and consummated the settlement, appellant had been examined by his own physician, Dr. Alexander, who told him it was not necessary or best for him to have the operation. Dr. Colgin's testimony was to the effect that he told appellant to go to the agent of the insurance company and tell him that the operation was necessary and that the expenses would be $150 and make arrangements with the insurance company to get money to pay for said operation. Whether the doctor's version or appellant's version of said conversation is correct, becomes and is immaterial.

The only misrepresentation appellant claims the agent of appellee made was that, if the parties did not agree on a settlement and the matter was taken to court, it would be kept in court from two to five years. This was purely an opinion of the parties, one knowing as much as the other. It is almost common knowledge that litigation frequently is kept in court for a long number of years.

Under the testimony of appellee's agent, he was allowing appellant the $150 doctor bill which would be required for the operation and $75 additional compensation. Appellant, before the Industrial Accident Board approved the settlement and prior to the time appellant accepted the money, was advised by his own doctor that the operation suggested by Dr. Colgin was not needed. Appellant took his doctor's advice and did not have the operation. Whether appellant chose the wise course will never be known.

We think the pleadings are sufficient to support a cause of action, and, as stated, unquestionably the evidence shows appellant was injured, but there is no evidence in the record of any probative force showing that appellee obtained said release or that appellant made said settlement by reason of any fraud practiced on him or by reason of any accident or mutual mistake.

Appellant's assignments of error are all overruled and the judgment of the trial court is affirmed.