GOODWIN v. TEXAS EMPLOYERS'
INS. ASS'N.
No. 3054.

Court of Civil Appeals of Texas. El Paso.
June 28, 1934.

Rehearing Denied July 26, 1934.

A. B. Cates, of Decatur, for appellant.

Todd & Crowley, T. D. Starnes, Jr., and S. A. Crowley, all of Fort Worth, for appellee.

HIGGINS, Justice.

Goodwin brought this suit March 3, 1932, against the Texas Employers' Insurance Association to set aside and cancel an agreed settlement compromising a claim, by Goodwin for compensation under the Workmen's Compensation Law, against the said association. A general demurrer to the petition was sustained, and the suit dismissed upon the refusal of the plaintiff to amend.

The petition discloses the following:

Plaintiff was an employee of the McElreath Motor Company. Defendant was the insurance carrier for said company under the Workmen's Compensation Law (Rev. St. 1925, art. 8306 et seq., as amended). On June 4, 1929, and while on duty, plaintiff sustained an accidental injury in a friendly scuffle with a fellow employee named Calhoun. The injury caused a heart trouble which resulted in total and permanent incapacity. Plaintiff did not provoke the scuffle in which he was injured. He merely defended himself against the friendly and playful attack of Calhoun. On January 29, 1931, plaintiff compromised his claim upon payment by defendant of $200.

"3.

"That the grounds or reasons upon which said compromise settlement agreement was entered into are stated in said instrument to be:

"(a) The facts and circumstances connected with and surrounding the infliction of said injury make the liability of Texas Employers' Insurance Association uncertain and indefinite, or incapable of being satisfactorily established, as is made apparent from the following:

"The Association maintains that it has no liability whatsoever for the injuries alleged by W. C. Goodwin, since they were not sustained in the course of employment. It also maintains that good and sufficient cause has not been shown for failure to report the injury within 30 days, and to make claim for compensation within six months; (and)

"(b) The nature, extent and duration of said injury is uncertain and indefinite, or incapable of being satisfactorily established, as is made apparent from the following:

"The Association further contends that no liability whatsoever resulted from the alleged strain or exertion, and that even if they were liable they would owe W. C. Goodwin nothing. W. C. Goodwin on the other hand maintains through his attorneys that he may be totally and permanently disabled because of the alleged injuries';

"That the imports of both the foregoing assumptions or assertions, as so forming the basis of said compromise settlement agreement, is erroneous false and mistaken; that Plaintiff was misled into the execution of said compromise settlement agreement under the mistaken and falsely induced belief that it was doubtful that the injury sustained by him was sustained in the course of his employment, and that such injury was for a permanent and totally incapacitating character, when in truth and in fact such injury was sustained in the course of his employment, and so compensable under the provisions of the Workmen's Compensation Law, and as a direct result of said accident and injury he is totally and permanently incapacitated or disabled, "as is made apparent from the following." '"

Here follow the fourth and fifth paragraphs of the petition setting forth in detail the circumstances under which the scuffle occurred, the manner and extent of the injury.

"6.

"Plaintiff states further that at the time he sustained said injury, and afterwards, and at the time that he executed said compromise settlement agreement, and other papers in connection therewith, that he did not know that by reason of the time, place and circumstances of his sustaining said injury to his heart, and the disability resulting therefrom, said injury was compensable under the provisions of the Workmen's Compensation Law; that he sought the advice of attorneys, and he was advised by them that by reason of the fact that his injury was sustained while he was engaged in a scuffle that it was doubtful that he was entitled to compensation therefor under said law; that at the time he signed said compromise settlement agreement, and other papers in connection therewith that he did not know and was ignor-

ant of the nature and extent of the injury he had sustained as the result of said scuffle; that a number of physicians had examined him, including thereamong the physicians employed by the Defendant Texas Employers' Association, without their having correctly diagnosed his ailment and injury, and without their having ascertained and advised him of the nature, character and extent of his injury; that it was not until long after he signed said agreement that he definitely found and was advised by competent physicians who examined him that as a result of his engaging in said scuffle with said Calhoun that he had sustained and was suffering from the injury to his heart aforesaid; that he was mistaken in the belief, as was the Defendant so mistaken, that the nature, character and extent of his injury could not be satisfactorily established; that but for such ignorance and such mistake he would not have entered into said agreement, and so have settled his claim for compensation for the grossly inadequate amount of $200.

"7.

"Plaintiff further states that coincidentally with the execution by him of said compromise settlement agreement on said January 29, 1931, there was prepared and presented to him by Defendant for his signing a statement in the form of an affidavit wherein and whereby he was required to state, as a prerequisite to the payment to him of said amount of $200 in settlement of his claim, additionally to the statements made and set out in said compromise settlement agreement (among other things,) that he was fully aware of all the material facts involved in his claim for compensation, but that if he was mistaken in making this necessitous assertion that he had had a reasonable opportunity to investigate and ascertain such facts, independent of any knowledge of such facts possessed by said Defendant Association, and was relying solely upon his own knowledge of the facts and circumstances surrounding the injury and the disability resulting therefrom, and not upon the opinion of any doctor representing said Insurance Association; that he was further required to state thereby that he was entering into said settlement of his own free will and accord for the purpose of settling forever any and all claims that he had or might have thereafter as a result of said injury; that as aforesaid said statement was prepared and presented to him for execution by said Insurance Association; that he had nothing to do whatever with the preparation of it; that he was wholly inexperienced in such matters, and had no just and proper understanding of the import, purport and intent of same.

"Plaintiff now states that at the time said compromise settlement agreement and said affidavit were presented to him for his execution that he was sick, discouraged and despondent; that he was in debt and with no means or income by which to maintain himself and wife; that he was living on the charity of relatives who were under no obligation to support him; that he was in great pecuniary distress, sorely in need of funds wherewith to purchase medicaments which had been prescribed for him by his physicians; that nevertheless he was reluctant to sign said instruments because of their containing statements and assertions attributable to him the truth of which he was in doubt, and which he felt could not be essentially true, but that he was urged and pressed to sign said papers by his former attorneys who sought to impress him of the belief that 'it was the best he could do'; that he therefore did sign and execute such instruments under the coercion of dire necessity, and for no other reason; that the amount of $200.00 received by Plaintiff in settlement of his supposedly doubtful claim was and is grossly inadequate and disproportionate to the amount he is entitled to receive under the Workmen's Compensation Law, as will hereinafter be set forth.

"8.

"Plaintiff states further that about the 18th day of December, 1930, at the instance of Defendant Insurance Association, he underwent a physical examination by said Association's regularly employed physicians, Drs. Trigg & Trigg, of Fort Worth, Texas; that Plaintiff did not have a physician of his own choosing and selection present at said examination, and that he did not know and was not advised that under the Compensation Law he had the right to have his own physician present; that a report of such examination was made to Defendant Association by its said physicians and medical examiners; that Plaintiff was denied and refused any knowledge of the contents and import of said report so made, and that he did not learn until long after such compromise settlement agreement was accomplished that by said report said Drs. Trigg & Trigg had stated, among other things, that Plaintiff's heart was 'of normal size and location'; that such report in such respect is erroneous and false; that, as has been herein stated, Plaintiff's heart is much enlarged and dilated, and will remain so, and

that by reason thereof, and of the malfunctioning of his heart, because of such enlargement, Plaintiff is disabled and incapacitated."

Other allegations show that because of total and permanent disability plaintiff was entitled to compensation at the rate of "$20.00 per week for the period of 401 weeks, or the total sum of $8,020.00; that the amount of $200.00 received by Plaintiff in and under said compromise settlement agreement is a grossly inadequate compensation for the injury and damage so sustained by him."

Other matter set up in the petition need not be stated, as it is not pertinent to the question presented.

In support of the sufficiency of his petition appellant presents three propositions which read:

"First: An injury sustained by an employe of a subscriber under the Workmen's Compensation Law, while resisting a friendly and playful assault of a co-employe, is sustained in the course of employment, and is compensable under said Law.

"Second: A compromise settlement agreement, made under the provisions of section 12, art. 8307 of the Workmen's Compensation Law, should not be enforced, when it appears to have been based upon the supposed but not actual doubtfulness of the liability of the insurer; and/or the supposed but not actual doubtfulness of the nature, character and extent of the injury of the claimant, such supposed doubtfulness so furnishing the motive for entering into the agreement, when it subsequently transpires that the assumptions upon which the agreement was based were mistaken and erroneous.

"Third: An irrefragable presumption of fraud arises that will invalidate a compromise settlement agreement made between an employe, who mistook the law and was ignorant of his rights, and the insurer of a subscriber under the Workmen's Compensation Law, when it appears that the employe, in the course of his employment and while resisting a friendly and playful assault of a co-employe, sustained a totally and permanently incapacitating injury entitling the employe to compensation for 401 weeks at $20 per week (8020), and his claim therefor is compromised and settled for the sum of $200, such consideration being so grossly and shockingly inadequate as to raise a conclusive presumption of fraud in the procurement of the agreement."

■ It may be conceded the first proposition is sound. Cassell v. U. S. F. & G. Co., 115

Tex. 371, 283 S. W. 127, 46 A. L. R. 1137; United States Casualty Co. v. Hardie (Tex. Civ. App.) 294 S. W. 672.

■■ There is no allegation impeaching the good faith of the defendant in settling and compromising the dispute between the parties. No misrepresentation, fraudulent concealment, overreaching, or other fraudulent conduct on the part of the defendant is shown. The recitals in the agreement show that the claim was disputed and doubtful. Nothing is alleged impeaching the belief of the parties in the truth of these recitals at the time the settlement was made. The fact that it subsequently developed that the nature, character, and extent of plaintiff's injury and the liability of defendant was not in fact doubtful does not invalidate the settlement nor present any ground for setting the contract aside. The authorities in support of this view are clear. 9 Tex. Jur. Title Compromise and Settlement, §§ 7, 8 and 9; Estes v. Hartford A. & I. Co. (Tex. Civ. App.) 46 S.W.(2d) 413; Camoron v. Thurmond, 56 Tex. 22; O'Fiel v. Janes (Tex. Civ. App.) 269 S. W. 1074; People's Ice Co. v. Glenn (Tex. Civ. App.) 8 S.W.(2d) 735; Walker-Smith Co. v. Pouns (Tex. Civ. App.) 256 S. W. 613; Davenport v. Shepherd (Tex. Civ. App.) 197 S. W. 729; Bartlett Oil Mill Co. v. Cappes, 54 Tex. Civ. App. 354, 117 S. W. 485.

Nor is the validity of the settlement affected by the small sum paid. It was a valuable consideration.

In Quebe v. Ry. Co., 98 Tex. 6, 81 S. W. 20, 22, 66 L. R. A. 734, 4 Ann. Cas. 545, Judge Williams said: "Upon the subject of fraud there was nothing to submit, had there been a request for a submission of that question. The statement made by the surgeon as to the character of plaintiff's injuries was only his medical opinion, which accorded with all that was known or believed, and was made with no purpose, so far as appears, to procure a release or other advantage. No circumstance of undue influence or overreaching is shown. So far as appears, plaintiff acted freely and voluntarily in making the settlement. The consideration was a valuable and legal one, though small. Considering the fact that the matter settled was regarded by both parties as involving no large amount, it cannot be said that the smallness of the consideration, by itself, furnishes ground for disregarding the release. From the written contract and the verdict of the jury, it appears that plaintiff chose to accept what was offered, and release his cause of action, and no ground for relieving him is made to appear."

See, also, Magnolia P. Co. v. Connellee (Tex. Com. App.) 11 S.W.(2d) 158.

Since there is no allegation of any duress, fraudulent conduct on the part of defendant, or overreaching in any particular, we are of the opinion that the inadequacy of the consideration alone cannot properly be considered as ground for setting the settlement aside.

Affirmed.