**GREAT AMERICAN INDEMNITY CO. et al. v. BLAKEY.**

No. 9981.

Court of Civil Appeals of Texas. San Antonio.

March 24, 1937.

Rehearing Denied July 28, 1937.

John C. North and Leslie S. Lockett, both of Corpus Christi, for appellant.

Sidney P. Chandler, of Corpus Christi, for appellee.

MURRAY, Justice.

Appellee, C. R. Blakey, as plaintiff below, instituted this suit against the Great American Indemnity Company, and the City of Corpus Christi, seeking to recover the sum of $5,344.50, as compensation for an injury to his back, sustained by him while he was an employee of the City of Corpus Christi.

A trial was had before the court, without a jury, and judgment was rendered in the sum of $3,531.80 in favor of appellee and against the Great American Indemnity Company. Recovery against the city was in all things denied. The Great American Indemnity Company has appealed.

Appellant contends that the trial court erred in not sustaining its general demurrer to appellee's petition, because said petition does not allege that the City of Corpus Christi was a subscriber under the Workmen's Compensation Law, nor does it allege that he received his injury as a result of the negligence of the City of Corpus Christi, its agents, employees, or servants.

The general rule is well established that where an employee sues a nonsubscribing employer he must allege and prove that he received his injury as the result of the negligence of the employer or his agents or servants. Article 8306, section 1, subdivision 4, R.S.1925; West Lumber Company v. Smith (Tex.Com.App.) 292 S.W. 1103; Rio Bravo Oil Company v. Matthews (Tex.Civ.App.) 20 S.W.(2d) 342; Davis v. W. T. Carter & Bro. (Tex.Civ.App.) 19 S.W.(2d) 336; Hutton v. Burkett (Tex.Civ.App.) 18 S.W.(2d) 740; West Lumber Co. v. Morris & Barnes (Tex.Civ.App.) 257 S.W. 592.

Appellee has answered this contention by pointing out, in the first place, that the City of Corpus Christi cannot become a subscriber under the Workmen's Compensation Law. City of Tyler v. Texas Employers' Ins. Ass'n (Tex.Com.App.) 288 S.W. 409. And that in view of this fact the Great American Indemnity Company issued to the City of Corpus Christi a policy of insurance such as is ordinarily issued to subscribers under the Workmen's Compensation Act, and placed a rider on said policy styled "Voluntary Compensation Endorsement," as follows:

"Voluntary Compensation Endorsement

"For attachment to Policy No. C 90452.

"In consideration of the premium provided for in the Policy, the Company hereby agrees to voluntarily pay to employees injured in the course of their employment and covered by said Policy, or to their dependents in fatal cases, such amounts as would be payable according to the Workmen's Compensation Law cited and described in another endorsement attached to this Policy, including the cost of such medical, surgical and hospital treatment as is provided in said law, even though such persons may not have a legal claim under said Compensation Law against this Employer; provided, however, that such payments shall be made only on condition that the employee or dependents shall execute a full legal release of all claims against this Employer as may be required by the Company and shall in addition execute an assignment to the Company of any right of action which may exist in behalf of the injured employee or any person claiming by, through, or under him against any person, firm, corporation, or estate other than this Employer which is or may be legally liable for such injury. If the Company proceeds upon such assignment and recovers and collects a judgment against the party at fault in excess of the amount of compensation voluntarily paid and incurred under this Policy, the Company shall first take the necessary expenses of the procedure and shall

pay any remaining balance of such excess so obtained to the person or persons executing the assignment. The Company shall have full power and discretion to proceed against the party at fault or to settle with such party upon such terms as may seem desirable to the Company, either without litigation or during the pendency thereof.

"If the injured employee or any person claiming by, through, or under him shall refuse to accept the voluntary compensation payments offered under the provisions of the preceding paragraph, then the Company shall be permitted at any time in its discretion to withdraw such proposal to pay compensation without notice, under which circumstances the Company will be no longer bound by the undertakings expressed in the preceding paragraph. If thereafter any claim, suit or demand is made upon this Employer for damages for such injuries, the obligation of the Company as expressed in Paragraph One (b) of the Policy, as well as all parts of the Policy having reference thereto, shall be available to this Employer and shall be and remain the obligations of the Company as fully and completely as if this endorsement had not been written.

"Great American Indemnity Company,
"Jesse S. Phillips
"President."

It is appellee's contention that this rider upon the policy gives him the right to sue the indemnity company directly and relieves him from the necessity of alleging and proving the negligence of his nonsubscribing employer, because the rider states that the company will voluntarily pay such compensation, regardless of whether or not the employee would have a legal claim under the Workmen's Compensation Law against his employer.

This contention presents a very difficult question, in view of the fact that the Workmen's Compensation Act provides (article 8306, § 1, subd. 4): "In all such actions against an employer who is not a subscriber, as defined hereafter in this law, it shall be necessary to a recovery for the plaintiff to prove negligence of such employer or some agent or servant of such employer acting within the general scope of his employment."

Article 8306, § 4, provides, in effect, that in suits by employees against employers who are not subscribers the provisions of section 1 shall be applied, and, of course,

this includes subdivision 4, as above set out. See, also, section 12h, article 8306.

It occurs to us that the language of the voluntary compensation endorsement rider, attached to the policy, is not sufficiently definite and clear to show that it was the intention of the parties to the policy to provide that an employee might bring a suit directly against the indemnity company, without the necessity of complying with the provisions of the law requiring him to show that his injury was the result of the negligence of his employer or his agents or servants.

And, if such rider was sufficiently definite and clear to show such intention, we are not certain that such a provision would be sufficient to relieve the employee of the necessity of complying with the provisions of article 8306, section 1, subdivision 4, R.S. 1925. Davis v. W. T. Carter & Bro. (Tex. Civ.App.) 19 S.W.(2d) 336, 337 (writ refused).

In other words, we are here confronted with the question of whether or not a municipal corporation, such as the City of Corpus Christi, may enter into a policy of insurance with an indemnity company and thereby secure to itself and its employees all of the benefits and protections that are given to subscribers and their employees under the Workmen's Compensation Act.

While the law does not expressly exclude cities from becoming subscribers under the Workmen's Compensation Act, our courts have definitely held that they are by necessary implication excluded from the provisions of the act. There is no provision in the act that a city may elect to come under the provisions of the act. It, therefore, seems to us that it would be impossible for the city, by the simple method of taking an insurance policy with an indemnity company, containing a rider such as is attached to the policy in this case, to receive all the benefits and responsibilities of subscribers under the Workmen's Compensation Act, when the act, by necessary implication, says in effect that a city cannot become a subscriber.

Another thing occurs to us, and that is, that the city could not be relieved from its common-law liability by reason of its insurance policy in this case. It is clear to our mind that any employee of the city might repudiate the insurance policy and stand on his common-law action against the city for any injuries received by him; thus

the employee could accept the benefits of the insurance policy, when he deemed it to his advantage to do so, or repudiate the policy, when that action would serve his interest best.

In view of what has been said above, we conclude that in the light of the provisions of the policy involved in this suit, and in the light of the provisions of the Workmen's Compensation Act, appellee's petition was subject to general demurrer for failure to allege either that his employer was a subscriber under the Workmen's Compensation Act, or that his injury was the result of the negligence of his employer, or its agents or servants.

■ However, in view of the fact that we have some uncertainty about the above holding, we shall proceed to pass upon the other propositions presented by appellant.

The trial court filed his findings of fact and conclusions of law; conclusion of law No. 3 being as follows: "3. The misrepresentations of Doctor C. O. Watson, though innocenty made, on the then condition of C. R. Blakey, being misrepresentations of an existing fact which induced C. R. Blakey to act to his disadvantage, are sufficient to authorize the relief prayed for, as much so as if such misrepresentations had been intentionally made."

The record shows that C. R. Blakey had received from the indemnity company the sum of $100, and had executed to the company a release from any further liability, and before he could recover in this case it was necessary for this release to be set aside. Appellee's contention was that he had been induced to sign this release by the representations of Dr. C. O. Watson, a doctor employed by the insurance company, to the effect that he had fully recovered from his injuries. The record further shows that appellee, before he signed the release, employed an attorney to represent him in the matter, and that this attorney advised him to see a doctor of his own selection, and as a result of this advice he submitted himself for examination to Dr. Burch Thompson, who gave him a written report upon his condition. This written report stated, among other things,

"Prognosis:

"No work, plenty of rest.

"The patient should recover in from eight to twelve weeks depending upon the amount of injury to the ligaments. However these cases sometimes do not recover for many months. Would reserve opinion until after report of X-ray."

This clearly shows that before appellant signed the release he had employed an attorney and had undertaken an independent investigation of his condition and the extent of his injuries; and in view of these facts he is not now in a position to contend that he relied upon the statements of Dr. C. O. Watson and was thereby fraudulently induced to sign the release. Indemnity Insurance Co. v. Sterling (Tex.Civ.App.) 51 S.W.(2d) 788; Estes v. Hartford Accident & Ind. Co. (Tex.Civ.App.) 46 S.W.(2d) 413; Boone v. Texas Employers' Insurance Association (Tex.Civ.App.) 55 S.W.(2d) 1111; Wood v. Traders' & General Ins. Co. (Tex.Civ.App.) 82 S.W.(2d) 421.

■ Appellee contends that there was no consideration for this release, because of the fact that at the time he received the $100 the indemnity company was indebted to him, under the terms of the insurance policy, in a greater sum than $100, and that this sum was a liquidated demand. We overrule this contention. The amount due appellee by the indemnity company could not be regarded as a liquidated demand. It would depend upon whether or not his injury was that of total disability, or only partial disability, and also upon what would ultimately be found to be his average weekly wage; also upon whether or not it was ultimately determined that he did in fact receive an accidental injury in the course of his employment with the city. All these matters were uncertain and undetermined at the time he received the $100, and therefore it could not be said that the indemnity company was indebted to appellee in the sum of more than $100, as a liquidated demand, at the time he signed the release. The fact that the consideration was small is no reason for setting it aside. Goodwin v. Texas Employers' Insurance Ass'n (Tex. Civ.App.) 73 S.W.(2d) 660; Wood v. Traders' & General Ins. Co. (Tex.Civ.App.) 82 S.W.(2d) 421.

■ Appellee contends that the receipt and release should be set aside because of a mutual mistake as to the extent of appellee's injuries at the time of the execution of the release and receipt. We overrule this contention. To entitle an employee to set aside a release of his right to receive compensation, it is not sufficient that the parties were mutually mistaken as to the result of the injury. Goodwin v. Texas Employ-

ers' Ins. Ass'n (Tex.Civ.App.) 73 S.W.(2d) 660; Estes v. Hartford Accident & Ind. Co. (Tex.Civ.App.) 46 S.W.(2d) 413; Lumbermen's Reciprocal Ass'n v. Day (Tex.Com.App.) 17 S.W.(2d) 1043.

There being no appeal from that part of the judgment which denied recovery against the city, the same will be affirmed, and for the error above pointed out, that part of the judgment appealed from will be reversed and judgment here rendered that appellee take nothing as against appellant and pay all costs of this and the court below.

Reversed and rendered.

### On Motion for Rehearing.

Appellee, in his motion for rehearing, has called to our attention the case of Southern Casualty Company v. Morgan (Tex.Civ.App.) 299 S.W. 476, affirmed (Tex.Com.App.) 12 S.W.(2d) 200.

We are convinced from a reading of these two opinions that a municipal corporation, such as the City of Corpus Christi, may become a subscriber under the Workmen's Compensation Law of Texas, provided the insurance is not carried in a mutual insurance concern. It also seems clear that even though a municipal corporation should carry workmen's compensation insurance in a mutual company, that, after the policy has been issued, the premiums paid, and the terms of the policy accepted by an employee, in a suit between an injured employee and the insurance company, such company would be estopped to plead that the insurance policy was void because the city had exceeded its authority in entering into the contract of insurance.

The fact that the city may become a subscriber under the Workmen's Compensation Law removes all doubt from our mind as to appellee's petition being subject to general demurrer for its failure to either allege that the city was a subscriber under the Workmen's Compensation Law or that appellee's injury was the result of the negligence of the agents or employees of appellant, City of Corpus Christi. If the city may become a subscriber, there is no reason for any exception to the rule stated in article 8306, section 1, subdivision 4, R.C.S.1925; Davis v. W. T. Carter & Bro. (Tex.Civ.App.) 19 S.W.(2d) 336, 337 (writ refused); Hutton v. Burkett (Tex. Civ.App.) 18 S.W.(2d) 740; Rio Bravo Oil Co. v. Matthews (Tex.Civ.App.) 20 S.W. (2d) 342.

The trial court found that the statements by Dr. Watson, to the effect that appellee, Blakey, was well and able to go back to work, were not correct nor true, and that such statements, though innocently made, were sufficient to authorize the setting aside of the receipt and release signed by Blakey and his attorney.

The record does not show that Dr. Watson had any authority to make settlements for the insurance company. These statements were made by Dr. Watson some time before the release was signed, and it is not shown that they were pressed upon Blakey by any agent of the insurance company at the time of the settlement.

In 36 Tex.Jur. p. 813, § 15, it is said: "Where it is sought to set aside a release for personal injuries on the ground of fraudulent representations by the releasee's physician, it must appear that the representations were made by a physician who was authorized to settle the claim (Chicago, R. I. & G. R. Co. v. Taylor [Tex.Civ.App.] 203 S.W. 90), or that they were fraudulently used by the releasee or his agent taking advantage of the claimant's confidence in the physician's judgment to effect a settlement (dis)advantageous to the injured person." Cowan v. El Paso Elec. R. Co. (Tex.Com.App.) 271 S.W. 79; Gulf, C. & S. F. R. Co. v. Huyett, 49 Tex.Civ.App. 395, 108 S.W. 502 (error refused).

We adhere to our original holding herein, and accordingly appellee's motion for a rehearing will be overruled.