

# THE ATTORNEY GENERAL
# OF TEXAS

**AUSTIN, TEXAS 78711**

CRAWFORD C. MARTIN
ATTORNEY GENERAL

July 13, 1972

Honorable Robert S. Calvert          Opinion No.  M-1170
Comptroller of Public Accounts
State Finance Building                Re:   Authority of Comptroller
Austin, Texas 78711                         to issue warrant for state's
                                            matching funds for em-
                                            ployees' life insurance under
Dear Mr. Calvert:                           circumstances presented.

        Your recent opinion request involving the above captioned matter,
asks whether you now have "authority to issue a warrant to pay the State's
matching for life insurance for employees prior to the issuance of a group
policy to the Water Quality Board?"

        You have stated that on or about May 1, 1972, the Texas Water
Quality Board submitted accounts which appeared to you from your ex-
amination were issued for life insurance to employees of the Board by
the Tennessee Life Insurance Company and such did not involve a "group
policy" in contemplation of Articles 3. 50 and 3. 51 of the Texas Insurance
Code.  Your basis for this objection was apparently that on the face of the
policy it was not shown to have been issued to the department and there-
fore could not have satisfied the provisions of Article 3. 51, wherein only
the department head has the authority to procure the contracts of insurance.
Attorney General Opinion No.  M-1109 (1972. )

        You also advise that since the date of your objection and refusal to
pay the State's matching part, your objection has been corrected to your
satisfaction and you now find that the Board has the proper policy for the
payment of the insurance premiums involved.  You now desire to know
whether you can legally pay the State's matching part for the account to
cover the period for which submitted, that is, for that time prior to the
correction of the policy.

        We have before us Tennessee Life Insurance Company Policy No.
2357, dated December 22, 1971, signed by Hugh Yantis, Executive Director

of the Texas Water Quality Board, effective January 1, 1972, which was the policy under which the permanent life insurance was issued to the employees and supported the accounts which were found by you to be objectionable as above recited. The employees had been issued separate certificates which constituted a part of the group policy.

A close examination of the policy and certificates reveal that they are subject to no legal objection and were and are at all times in order, and you had and have authority to pay the state's portion of the same for the period in question.

The other account submitted to you for payment involved the group health and term life insurance policy of the Tennessee Life Insurance Company, being Policy No. 2358, issued and to become effective simultaneously with the other policy. It was also signed by the Executive Director of the Department and no legal objection is found to such policy, and you have had authority to make payments for the employees at all relevant times.

The so-called corrective action taken by the insurance company was to amend the Policy Certificate No. 2358 so as to eliminate two numerical designations of the policy; and for accounting purposes Certificate No. 2358 is also identified as No. 2357, thereby eliminating the dual numerical designations to which we understand you had an objection. Such corrections relate back to the inception of the policies.

The amount due under such policies from the employees was in fact deducted from their pay checks, and the insurance company has at all times recognized its liability and paid its claims, and has at all times requested payment of the amount due it. The company has at all times recognized that the policies are in full force and effect and in any event is estopped in law to deny liability under its policies on the ground of alleged non-compliance with the statute. Great American Indemnity Co. v. Blakey, 107 S.W.2d 1002 (Tex. Civ. App. 1937, error dism.); Dillard v. Nueces County Navigation Dist. No. 1, etc., 214 Fed. Supp. 868 (S.D. Dist. 1963.)

It is our opinion that you have authority to issue your warrant to pay the state's matching for the life insurance for the employees of the Texas Water Quality Board for the period of time in question, there being a legally enforceable group policy covering the insurance at all relevant times, and such purpose being specified by law.

## SUMMARY

The Comptroller of Public Accounts has authority to issue his warrant for payment of the accounts in question for the period involved, as submitted by the Texas Water Quality Board, being the state's matching part on the two insurance policies issued by the Tennessee Life Insurance Company, since the policies in question were at all relevant times group policies within the contemplation of Articles 3.50 and 3.51, Texas Insurance Code, and for a proper purpose specified by law.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Kerns Taylor
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

W. E. Allen, Acting Chairman

James Hackney
Jack Goodman
James Quick
Jim Swearingen
John Banks

SAMUEL D. McDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant