GULF, COLORADO & SANTA FE RAILWAY COMPANY v. BERT HUYETT.

No. 1544. Decided April 18, 1906.

**1.—Contract—Agency—False Representation.**

False representations by an agent, which will avoid a contract made in reliance upon them, must be those of the agent making such contract or acting for his principal in connection therewith, or be known to and taken advantage of by such agent, when made by another. (Pp. 633–635.)

**2.—Same—Release of Damages—Representations by Railway Surgeon.**

Representations made by the hospital surgeon of a railway to an injured employe that he would soon be as good a man as ever, and able to go to work,

though untrue, were not ground for avoiding a settlement made by the employe with the company's ·claim agent on the faith thereof, where the surgeon had no connection with making the settlement and the claim agent was ignorant of such representations having been made. (Pp. 633–635.)

**3.—Same—Evidence.**

Evidence considered and held insufficient to show that representations made by a railway surgeon to an injured employe, as to his prospects for recovery, were made in collusion with the claim agent effecting a settlement with the employe of his claim for damages, or for the purpose of affecting such settlement, or were known to and taken advantage of by the claim agent. (P. 635.)

**4.—Master and Servant—Assumed Risk—Method of Performing Work.**

The servant, though not assuming the risk of a negligent method of performing the work, which was only occasionally adopted by the master (the striking, with the hammer of a pile driver, of the pile while suspended in the air, by which it was caused to swing against the servant), must be held to have assumed the risk if such method was habitually pursued, and was known to him so to be. (Pp. 635, 636.)

Error to the Court of Civil Appeals for the Second District, in an appeal from Cooke County.

Huyett sued the railway company and had judgment which was affirmed on appeal by the defendant, who then obtained a writ of error.

*J. W. Terry* and *A. H. Culwell,* for plaintiff in error.—Where the evidence of the fraud relied upon to set aside the release, consists of statements made to the injured party by his attending physician, and such statement consists of the expression of an opinion by such physician as to the extent and character of the injury, the same does not show fraud, is not legally sufficient to set aside the release, and in this case such was the only character of evidence offered by the appellee; and the trial court erred in considering same as evidence of fraud in any respect. Quebe v. Gulf, C. & S. F. Ry. Co., 10 Texas Ct. Rep., 296; Houston & T. C. Ry. Co. v. McCarthy, 94 Texas, 298; Alabama & V. Ry. Co. v. Turnbull, 16 So. Rep., 346; Nelson v. Minneapolis St. Ry. Co., 63 N. W. Rep., 486; Atchison, T. & S. F. Ry. Co. v. Bennett, 66 Pac Rep., 1019; Doty v. Chicago, T. P. & K. C. Ry. Co., 52 N. W. Rep., 135; Denver & R. G. Ry. Co. v. Sullivan, 41 Pac. Rep., 501; Homuth v Metropolitan Street Ry. Co., 129 Mo., 629; Missouri, K. & T Ry. Co. v. Smith, 28 Texas Civ. App., 565; Burnham v. Burnham, 97 N. W. Rep., 176; Wrenn v. Truitt, 116 Ga., 708.

The evidence wholly fails to show that Dr. Scott or other physicians were acting in behalf of the railway company at the time statements were made which are relied upon to set aside the release. It is not shown that he was authorized by the railway company to represent it in any respect. It is not shown that he was pretending to represent it at the time he was dealing with the appellee, and under such circumstances, without regard to what the representations were, the railway company will not be bound thereby, and the appellee can take no advantage thereof in an endeavor to set aside the solemn written contract made. Nelson v. Minneapolis Street Ry. Co., 63 N. W. Rep., 486, and authorities cited ante.

The charge complained of under the third assignment was erroneous and not supported by the evidence, as set out in the fourth assignment, in this: That the evidence fails to show that Dr. Scott was an agent of the railway company; that he was acting in its behalf, and a judgment based upon such charge is wholly without evidence to support it. Same authorities.

The charge [on assumed risk] was erroneous, in that the appellee did assume the risk of injury resulting from the way and manner in which the work was performed, provided he knew of the manner in which the work was performed, or provided he must necessarily have known of the same by reason of his service therein, and it makes no difference whether the work was being performed by the railway company in a dangerous manner or not. Bonnett v. Galveston, H. & S. A. Ry. Co., 89 Texas, 73; Houston, E. & W. T. Ry. Co. v. DeWalt, 96 Texas, 121; Texas & P. Ry. Co. v. French, 86 Texas, 96; Rogers v. Galveston C. Ry. Co., 76 Texas, 502; International & G. N. Ry. Co. v. Royal, 11 Texas Ct. Rep., 369; Robinson v. Ft. Worth & Rio Grande Ry. Co., 13 Texas Ct. Rep., 118; International & G. N. Ry. Co. v. Hester, 72 Texas, 41; Jones v. Galveston, H. & S. A. Ry. Co., 31 S. W. Rep., 706.

*Stuart & Bell,* for defendant in error.—The statement of Dr. Scott to appellee was as follows: "Huyett, you are not damaged; you will soon be as good a man as ever; you will soon be able to do any and all kinds of work." This was not the statement of an opinion of the doctor, but was a statement of the facts and conditions from the doctor's standpoint after an examination made by him of appellee and said statement if false and fraudulent and if relied on by appellee when the release was signed was sufficient to set aside said release. Houston & T. C. Ry. Co. v. Brown, 69 S. W. Rep., 651; Jones v. Gulf, C. & S. F. Ry. Co., 73 S. W. Rep., 1082; French Piano Co. v. Nolan, 12 Texas Ct. Rep., 202; International & G. N. Ry. Co. v. Shuford, 81 S. W. Rep., 1189.

Even though the representations of Dr. Scott were an opinion (which we deny) still as they were made by an expert and the attending physician, possessing superior knowledge to appellee and by a man and physician in whom the patient had confidence, they are sufficient under the law to set aside the release. Cole v. Carter, 54 S. W. Rep., 914; 14 Am. and Eng. Enc. Law (2d ed.), pp. 35 to 36; International & G. N. Ry. Co. v. Shuford, 81 S. W. Rep., 1194; Merritt v. Wassenich, 49 Fed. Rep., 785.

The evidence showing, as it does, that Dr. Scott had been representing defendant for twelve years, that it was his duty to confer with the claim department of appellant as to the patients, there having been evidence that Dr. Scott advised appellee to settle and stated to him that he was not damaged and would soon be able for any and all kinds of work and there being evidence that Huyett had confidence in Dr. Scott and would not settle for less than $2,000 till after Dr. Scott made said statement to him and that in thirty-six hours after said statement was made and the first time Huyett saw the claim agent after Dr. Scott's statement to him, Huyett approached the claim agent with an offer to

take $250, as he said relying on Dr. Scott's statement as to the extent of his injuries, and the uncontradicted evidence showing that Huyett was seriously and permanently injured, there was sufficient evidence to raise the issue of fraud and the verdict of the jury was amply supported by the evidence. Same authorities.

There is an abundance of evidence in the record raising the issue as to whether or not the representations of Dr. Scott were made for the purpose of inducing a settlement and there is ample evidence that Dr. Scott was an agent of appellant, so there was no error in the court's action referred to. Houston & T. C. Ry. Co. v. Brown, 69 S. W. Rep., 651.

There is ample evidence in the record to the effect that Dr. Scott was in the employ of defendant and that he was working in the scope of his authority and that he was the advisor of the patients at the hospital as to the character of their injuries.

The charge on assumed risk is a correct rule of law and if appellant desired to have it qualified or desired a more specific charge applied to the facts, the same should have been requested and in the absence of such request, appellant can not complain and there was no error. International & G. N. Ry. Co. v. Harris, 65 S. W. Rep., 885; San Antonio & A. P. Ry. Co. v. Turner, 15 Texas Ct. Rep., 457.

WILLIAMS, ASSOCIATE JUSTICE.—The defendant in error, who had received personal injuries while in the service of plaintiff in error, in consideration of the payment by the latter of the sum of $250, executed to it a release of all damages thus sustained. He subsequently brought this suit to recover such damages, wherein he sought to avoid the release on the ground that it was obtained by a misrepresentation made to him by one of the surgeons of the railroad company, engaged in treating him in its hospital, as to the nature and extent of his injuries and as to his recovery therefrom. His version of the transaction is that on Friday, October 16, 1903, he had an interview with defendant's claim agent concerning a settlement, in which he proposed to settle for $2,000, and the claim agent declined to consider his proposition; that on the next day Dr. Scott, one of the surgeons in charge of the hospital, when visiting it, requested him to "stand in front of him," and, when he did so, said to him, "Huyett, you are not damaged, you will soon be as good a man as ever; you will soon be able to go to work;" that, believing this statement to be true, and being induced by it, on the following Monday he renewed his negotiation with the claim agent and settled with him for $250. It is conceded by Dr. Scott, and shown by all the evidence, that the statement thus attributed to him, if made, was untrue, and did not fairly represent plaintiff's condition; but Dr. Scott explicitly denies having made it. There is no evidence that the doctor knew of the interviews between plaintiff and the claim agent or that a settlement was then being discussed between them, nor is there any evidence that the claim agent knew of the statement made by the doctor to the plaintiff, or that the doctor in any way acted with him in procuring or for the purpose of procuring a settlement. It may be conceded that the evidence sufficiently shows that Dr. Scott was an

agent of the defendant in rendering services as physician and surgeon to its injured employes at the hospital and that it lay within the scope of his employment not only to treat them but to advise them concerning the nature and duration of their injuries and the probability of their recovery. It appears, also, to have been a part of his duty to give information on these subjects to the defendant's employes in its claim department. But, beyond this, he had no connection with that department and nothing to do with making settlements and obtaining releases or in conducting negotiations therefor. The representation relied on to avoid the release, therefore, does not appear to have been made in the transaction in which the contract of settlement was made, nor by the agent authorized to represent the defendant therein, but, so far as the evidence indicates, it was disconnected from that contract and made by an agent whose duties, as agent, had no relation to such matters. The law upon the subject is thus laid down by Judge Story in his work on Agency, section 135, whose statement is supported by many decisions: ". . . If the agent, at the time of the contract, makes any representation, declaration, or admission, touching the matter of the contract, it is treated as the representation, declaration, or admission of the principal himself. But the qualifications above stated are also most important to be attended to. The representation, declaration, or admission of the agent, does not bind the principal, if it is not made at the very time of the contract, but upon another occasion; or if it does not concern the subject matter of the contract, but some other matter, in no degree belonging to the res gestae."

In section 137, the principle is thus illustrated: "Thus, for example, what an agent has said, or represented, at the time of the sale of a horse, which sale was authorized by his master, whether it be a representation or a warranty of soundness, or of any other quality, will be binding upon the master. But, what he has said upon the subject at another time, or upon another occasion, will not be binding upon him; for it is no part of the res gestae; and did not attach, as an incident or inducement to the sale. For such purposes the agent is no longer acting as agent of the master; and his declarations are not to be used as proofs against the master; but the facts contained in those declarations must be proved aliunde. Indeed, in such cases, the agent himself may be properly called as a witness, and, hence, it has been said that his declarations are not the best evidence of the facts."

According to this, if the representation relied on had been made by the agent who effected the settlement, but in a different transaction, it could not affect the rights of the principal under the contract. For a stronger reason is this true of a representation made, not only in a different transaction, but by another agent having no authority in relation to, or connection with the settlement. His statements have only the relation to the contract of settlement that those of a stranger would have, for the reason that in making them he did not represent the defendant with respect to the settlement. Thompson on Corporations, section 6324; American Nat. Bank v. Cruger, 91 Texas, 451.

The mere fact, therefore, that he was an agent of the defendant for

some purposes does not make his representation available as a reason for avoiding a contract which he did not make. It is true that if he, assuming to act for defendant, had procured the release, whether authorized to do so or not, and the defendant were seeking to avail itself of it as a defense, any fraud practiced by him in obtaining it would be imputed to defendant. But a contract complete in all respects was made by defendant through its other agent, and hence the principle laid down in Henderson v. Railroad Company, 17 Texas, 560, is not applicable, for the reason that the representation of an agent not shown to have had connection with that contract can not be used to defeat it.

It is also true that, if it were shown that defendant or its claim agent used the physician as an instrument to deceive plaintiff as to his condition in order that an advantageous settlement might be made, or that the claim agent and the physician acted together in so procuring the release, the contract would be affected by the physician's representations as fully as if he had been the only agent employed in the transaction (International & G. N. Ry. Co. v. Shuford, 81 S. W. Rep., 1189) ; and it may be that if the claim agent in effecting the settlement knew and took advantage of the state of plaintiff's mind, caused by deception practiced by the doctor, the result would be the same. But such things as this must be proved and can not be supplied by conjecture or suspicion.

If plaintiff's statement be accepted, that Dr. Scott made the statement, which all concede would have been a glaring misrepresentation of the character of plaintiff's injuries and of his condition, the question as to why he did so would naturally arise in one's mind and might suggest suspicion as to his purposes; but this is not sufficient to warrant the finding of the facts, of which there is no other evidence, that he was employed by defendant or its other agent to make the representation or that they knew that he had done so. Some matters in the record are relied on by the defendant in error to establish these facts, such as that Dr. Scott, on some occasion not shown to have had any connection with the settlement made, when asked by plaintiff as to the propriety of his making a settlement, replied, in effect, that a reasonable settlement would be better than a prolonged lawsuit; and the fact that the representation and the settlement were so closely connected in time and sequence; but while these circumstances are consistent with the conclusion that plaintiff seeks to establish, they are certainly not inconsistent with the opposite one, supported by the uncontradicted testimony of both agents, that there was no knowledge on the part of either of what the other did.

In the case of Houston & Texas Central Railway Company v. Brown (69 S. W. Rep., 651), in which a writ of error was refused, no question was made in this court, nor, as we judge from its opinion, in the Court of Civil Appeals, as to the responsibility of the railway company for the representations of the physician which were held sufficient to avoid the release there in question.

As the cause is to be remanded because of the insufficiency of the evidence as pointed out; and of error in the charge of the court under which the jury were authorized without sufficient evidence to impute to

the defendant the representation of Dr. Scott, we deem it proper to notice one other assignment of error. The trial court charged the jury, upon plaintiff's original cause of action, that a servant does not assume the risk of dangers brought about by the negligence of the master. There was evidence in the case which called for the statement of the well known qualification of this rule applicable where the servant has knowledge when he enters upon the work in which he is hurt, of the negligence of his employer and of the danger created thereby to which he (the servant) is to be exposed in doing such work. The plaintiff claimed that he was hurt by the negligence of his superior in ordering the raising of the hammer of a pile-driver, when the pile to be driven was also suspended in the air, in such manner that the hammer caused the pile to swing against plaintiff and knock him from the bridge on which he was standing to assist in the work. The wrong is alleged to have consisted in raising the hammer before the pile had been lowered to the ground. The plaintiff's evidence represented this as an unusual occurrence, such as he had never witnessed before, and, of course, upon his statement there could be no assumption of the risk. But the defendant's evidence tended to show that this was not only the common but the proper way of doing the work. If the jury agreed with its contention in toto, they necessarily concluded that there was no negligence and hence the instruction could have done no harm. But the jury could, perhaps, have thought that, while this was a dangerous and negligent manner of doing the work, yet it was the one in which it was commonly and habitually done by defendant, and that plaintiff knew that fact. Under such circumstances there would, we think, be an assumption of risk arising from a danger known to have sprung from the master's negligence. Of course the mere fact that such an occurrence may have occasionally happened before would not have this effect, for the reason that an employe may not be held to foreknow that negligent conduct will be repeated. The assumption of risk would arise from the doing of the work in a manner so common and habitual that the employe should know that it will be followed on the particular occasion. Whether or not the charge referred to would be cause to reverse the judgment when no further instruction was requested, it is unnecessary to determine. For the errors first pointed out the judgment is reversed and the cause remanded.

*Reversed and remanded.*