## COWAN v. EL PASO ELECTRIC RY. CO.*
### (No. 647–4141.)

(Commission of Appeals of Texas, Section A.
April 27, 1925.)

**1. Release ☞17(2)—Release obtained by false representations as to permanency of injuries not binding.**

Where doctor of defendant in personal injury action, prior to execution of release by plaintiff, falsely represented that plaintiff's injuries were not serious or permanent, which representation plaintiff believed and relied on, and defendant's claim agent at time of obtaining release knew of such representations, *held*, that release was not binding on plaintiff.

**2. Release ☞17(2)—Ignorance of claim agent as to falsity of representations made to plaintiff, immaterial.**

Where defendant's doctor falsely represented to plaintiff that plaintiff's injuries were not serious or permanent, and plaintiff relied thereon in giving a release, fact that claim agent obtaining release did not know that such representations were in fact false is immaterial.

**3. Trial ☞365(1) — Answer to special issue construed to conform with verdict and findings.**

In personal injury action, in which plaintiff claimed that defendant's doctor made false representations inducing plaintiff to sign release, where, under facts found by court and jury, doctor and claim agent would be held as matter of law as acting together in procuring release, jury's answer to special issue, that doctor and claim agent did not act together in procuring release, will be construed to mean acting together as to actual agreement as to amount plaintiff would accept in settlement and in paying such amount to plaintiff, thus conforming to verdict for plaintiff and jury's findings.

**4. Release ☞17(2)—Where defendant's doctor, knowing of contemplated settlement, gives false information to employee, agreement between doctor and claim agent to procure release, immaterial.**

Where employer's doctor, knowing that injured employee is contemplating settlement, gives employee false information as to then existing conditions or facts, and which doctor should have known to be false, even though representations were made in good faith, it is immaterial as to whether there was an actual agreement between doctor and claim agent in procuring release from employee.

**5. Appeal and error ☞930(3) — Defendant, failing to request submission of issue, deemed to have waived it, and presumed that finding thereon was in favor of plaintiff.**

Where plaintiff, suing for personal injuries, sought to have a release set aside on ground of false representations of defendant's doctor, and only issue not determined by jury was whether doctor at time of giving information knew that plaintiff was contemplating a settlement, *held* that, as defendant failed to ask submission of such issue, he will be deemed to have waived it, and, as verdict was for plaintiff, it will be pre-

sumed that trial court found in favor of plaintiff on such issue.

, Error to Court of Civil Appeals of Eighth Supreme Judicial District.

Action by W. A. Cowan against the El Paso Electric Railway Company. Judgment for plaintiff was reversed by the Court of Civil Appeals (257 S. W. 941) and judgment rendered in favor of defendant, and plaintiff brings error. Judgment of Court of Civil Appeals reversed, and that of trial court affirmed.

See, also, 248 S. W. 442.

Wallace & Cameron, of El Paso, for plaintiff in error.

Baker, Botts, Parker & Garwood, of Houston, and Goggin, Hunter & Brown, of El Paso, for defendant in error.

CHAPMAN, J. Plaintiff in error, Cowan, in an accident caused by the actionable negligence of defendant in error, Electric Railway Company, received permanent personal injuries for which he recovered damages in one of the district courts of El Paso county. The Court of Civil Appeals at El Paso reversed the judgment of the district court and rendered judgment in favor of the Electric Railway Company on the ground that Cowan, prior to the filing of the suit, had executed to the Electric Railway Company a full release for all damages. 257 S. W. 941. Cowan pleaded that he was not bound by the release for the reason that prior to the execution of the release by him, the surgeon of the railway company made false representations to him as to the extent of his injuries, and his pleadings on this issue were sufficiently full to entitle him to prove the facts herein discussed.

The jury in answer to special issues found the following facts:

(1) That Dr. Stevens, the surgeon of the Electric Railway Company, represented to Cowan just prior to the signing of the release that the injuries of Cowan were not serious or permanent and that plaintiff would be as well as he ever was and able to go to work by July 31, 1921.

(2) That said representations so made by Dr. Stevens were false.

(3) That Cowan at the time of executing the release believed such false representations and relied thereon in executing the release.

(4) That Charles Brann, the claim agent of the Electric Railway Company, at the time of obtaining the release from Cowan, knew that such representations had been made by Dr. Stevens and that Cowan believed and relied on such statements.

(5) That the false representations made by Dr. Stevens to Cowan were a material in-

---

ducement to Cowan in the execution of the release.

The facts further show that at the time the representations were made by Dr. Stevens, Cowan then had as a result of the accident a permanently deformed foot and a leg permanently shortened to the extent of one-half to three-fourths of an inch. Cowan testified that at the time the representations were made to him by Dr. Stevens he told the doctor that he was figuring on a settlement with the Electric Railway Company on account of his injuries. Dr. Stevens denied that he knew that Cowan was contemplating a settlement at the time he had the conversation with him. The question as to whether Dr. Stevens knew that Cowan was contemplating a settlement was not submitted to the jury; but it will be presumed that the trial court found in favor of Cowan on this issue, unless this issue is determined by the answer of the jury to special issue No. 2 requested by defendant, which will be discussed later. In G., C. & S. F. Ry. Co. v. Huyette, 49 Tex. Civ. App. 395, 108 S. W. 502, affirmed (writ of error denied), in which the Supreme Court had written an opinion on a former appeal, the trial court charged the jury as follows:

"If you find from the evidence that Dr. Scott, prior to the execution of said release, represented to the plaintiff that his injury was not so great as it really was, and if the plaintiff believed said representations to be true and relied on the same, and if you further believe that the defendant's agent, Cox, knew of said representations, and that the plaintiff relied on the same, and took advantage of said representations, and the plaintiff's confidence therein to settle with the plaintiff for the sum less than compensation for his injury, then the release is not binding on the plaintiff."

[1] By a comparison of the facts found in the instant case with the charge given in the Huyett Case, it is disclosed that every fact stated by the court in the Huyett Case as being necessary to relieve the plaintiff from the binding effect of the release was found in favor of Cowan in the instant case. Though the facts in each case are not exactly the same, yet it appears to us that the law seems to be reasonably well settled that under the facts in the instant case Cowan would not be bound by the release. Houston & T. C. Ry. Co. v. Brown (Tex. Civ. App.) 69 S. W. 651 (writ of error denied); Missouri, K. & T. Ry. Co. of Texas v. Ellison (Tex. Civ. App.) 185 S. W. 1020 (writ of error denied); Alenkowsky v. T. & N. O. Ry. Co. (Tex. Civ. App.) 188 S. W. 956; H. & T. C. Ry. Co. v. Bright (Tex. Civ. App.) 156 S. W. 304 (writ of error denied); Reasonover v. C. C. & S. F. Ry. Co., 109 Tex. 204, 203 S. W. 592; M., K. & T. Ry. Co. of. Texas v. Haven (Tex. Civ. App.) 200 S. W. 1152 (writ of error denied); St. Louis S. W. Ry. Co. of Texas v. Thomas (Tex. Civ. App.) 244 S. W. 839; M., K. & T. Ry. Co. of Texas v. Reno (Tex. Civ. App.) 146 S. W. 207 (writ of error denied); M., K. & T. Ry. Co. of Texas v. Maples (Tex. Civ. App.) 162 S. W. 426 (writ of error denied).

[2] In answer to special issue No. 1 requested by defendant, the jury found that the claim agent of defendant at the time of the execution of the release did not know that the representations made to plaintiff by Dr. Stevens were false. In several of the cases above cited it is held that it is immaterial that the agent of the defendant did not know that false representations, such as in the instant case, were in fact false.

[3] Special issue No. 2 requested by defendant was as follows:

"Did Dr. Stevens and Mr. Brann, claim agent of the defendant, act together in procuring the release from the plaintiff, or for the purpose of procuring the same?"

To which question the jury answered, "No." The answer to the issue does not necessarily find that Dr. Stevens did not know that at the time he made the false representations to Cowan that Cowan was contemplating a settlement, but this issue should be given the effect and be held to have the meaning that the average juryman would place on it and give it, and we think that the average juryman would construe this question to mean: Did Dr. Stevens and Mr. Brann act together in the actual agreement with Cowan as to the amount Cowan would accept in settlement and in paying the amount to Cowan and in procuring Cowan to execute the release in consideration therefor? Under the facts found by the jury and those that could have been found by the court, Dr. Stevens and Mr. Brann would be held as a matter of law as acting together in procuring the release from Cowan. To give the answer to this special issue any other meaning would be to destroy the legal effect of the answers given by the jury to the special issues submitted by the court; but by giving it the interpretation above stated, the verdict of the jury as a whole may stand.

[4, 5] We do not think that the court's supplemental charge that the term "acting together," as used in defendant's special issue No. 2, means co-operating with the intent to secure the release in question, informed the jury that their finding on said special issue would determine the question as to whether the doctor, when he gave the information to Cowan, knew that Cowan was contemplating a settlement, but would have the effect to convey to the jury that there must have been an understanding or agreement between Dr. Stevens and Brann to act together. Dr. Stevens could have known of Cowan's intention without having an agreement with Brann. We understand the law to be that where the employer's doctor, knowing that the injured

employee is contemplating settlement, gives the employee false information as to a then existing condition of fact, and which he, as a doctor, should have known to be false, even though the representations are made by the doctor in good faith, and the case is attended by the other facts in this case, then it is immaterial as to whether there was an actual agreement between the doctor and the agent. If the doctor and the agent were acting in good faith, there was no occasion for an agreement or mutual intent between them. The only question that the defendant could complain of not being definitely determined by the jury was as to whether Dr. Stevens at the time he gave the false information to Cowan knew that Cowan was contemplating a settlement. That issue was clearly made by the testimony of Cowan and Dr. Stevens, and if defendant desired a determination of that issue, a direct submission of such issue could easily have been asked by defendant, and having failed to ask the submission of such issue, we hold that a finding as to same was waived by the defendant, and that the trial court found in favor of the plaintiff on same, and this fact included with the facts found by the jury makes a finding of every fact in favor of plaintiff, necessary to entitle him to be not bound by the release.

We recommend that the judgment of the Court of Civil Appeals be reversed, and that of the trial court affirmed.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.