## NATIONAL INDEMNITY UNDERWRITERS OF AMERICA v. WOOD.

### No. 8453.

Court of Civil Appeals of Texas. Austin.

April 14, 1937.

Todd, Crowley & Thompson, of Fort Worth, for appellant.

McCLENDON, Chief Justice.

Appeal from an interlocutory order overruling a plea of privilege seeking to change the venue from Tom Green, plaintiff's residential county, to Tarrant, the county in which defendant, a foreign corporation, had its principal place of business.

The suit was to set aside an order of the Industrial Accident Board refusing to set aside on allegations of fraud a former order of the board approving a compromise agreement between plaintiff and defendant. The refusal was "in view of the decision of the Supreme Court in the case of Lumbermen's Reciprocal Association v. Henderson, 15 S.W.(2d) 565."

The only ground upon which plaintiff asserted venue was properly laid in Tom Green county was that the case came within subdivision b of R.C.S. art. 8306, § 19 as amended by Acts 1931, c. 90 (Vernon's Ann.Civ.St. art. 8306, § 19(b), section 1 of the Act, which authorizes a suit "to set aside an award of the Industrial Accident Board of Texas, or to enforce it," to be brought "in the county of Texas where such employee * * * resides when the suit is brought."

Whatever confusion formerly existed regarding the power of the board to set aside a compromise settlement approval order, the question was set at rest in Commercial Cas. Ins. Co. v. Hilton, 126 Tex. 497, 87 S.W.(2d) 1081, 89 S.W.(2d) 1116, wherein it was held: (1) That the board has no jurisdiction in the matter; (2) that its order approving a compromise is not an award; (3) that its order refus-

ing to set aside an order approving a compromise is not an order denying compensation; (4) that such order of approval can only be set aside in a court of competent jurisdiction; (5) that until so set aside the board has no jurisdiction to entertain a claim for compensation; (6) that the court upon setting aside such order has no jurisdiction to award compensation, but claimant is thereupon relegated to the board; and (7) that the power of the courts to set aside such order for fraud is derived not from the Workman's Compensation Law (Vernon's Ann.Civ.St. art. 8306 et seq.), but from their general equity jurisdiction.

The exact question here presented was ruled adversely to appellee's assertion of proper venue in Tom Green county in Benson v. Travelers' Ins. Co. (Tex.Civ. App.) 40 S.W.(2d) 966 (error dis.).

The order appealed from is set aside, the plea of privilege is sustained, and the cause remanded to the trial court with instructions to change the venue to Tarrant county.

Order set aside, cause remanded, with instructions.