**TRADERS & GENERAL INS. CO. v. COLE.**

**No. 1684.**

Court of Civil Appeals of Texas. Eastland.

June 18, 1937.

Rehearing Denied Sept. 10, 1937.

Turner, Seaberry & Springer, of Eastland, for appellant.

E. F. Campbell, of Roby, Smith & Smith, of Anson, and Stinson, Hair, Brooks & Duke, of Abilene, for appellee.

GRISSOM, Justice.

Appellee is a resident of Fisher county and, while employed by the Uvalde Construction Company in September, 1934, received an injury compensable under the Workmen's Compensation Law (Vernon's Ann.Civ.St. art. 8306 et seq.). Appellant was said employer's insurer. The injury occurred in Fisher county. The residence of appellant is in Dallas county. Appellee alleged that his wages were $15 per week; that he is totally and permanently disabled and has become insane as a result of the injuries; that appellant paid appellee compensation for a period of 7 weeks; and that on November 7, 1934, appellant and appellee executed a compromise settlement agreement whereby appellant agreed to pay (and it did pay) to appellee the additional sum of $58.50 in settlement of appellee's claim. The settlement was approved by the Industrial Accident Board. Appellee alleged that at the time of said settlement he did not have mental capacity to execute the same. Among other things, appellee prayed that the settlement agreement and approval of the board be set aside, and for compensation at $9 per week for 401 weeks. Appellant filed its statutory plea of privilege praying that the case be transferred to Dallas county. Appellee by his controverting plea sought to hold venue in Fisher county on two grounds: (1) Under subdivision 7, of article 1995, R.S.1925, or because fraud was committed in Fisher county in procuring said settlement agreement; (2) because the injury occurred in Fisher county and the Compensation Act fixed venue in said county. The plea of privilege was heard by the court and overruled, from which order and judgment appellant has appealed to this court.

It has now been definitely determined that a court upon setting aside a compromise settlement agreement has no jurisdiction to award compensation and that after the court has set such compromise settlement aside the claimant is relegated to the board for further proceedings and

relief. Commercial Cas. Ins. Co. v. Hilton, 126 Tex. 497, 87 S.W.(2d) 1081, 1082, 89 S.W.(2d) 1116. The present suit, not being properly a proceeding under the Workmen's Compensation Law, but a suit to set aside a contract alleged to have been procured by the fraud of appellant, is a proceeding in equity, and venue statutes applicable to workmen's compensation cases have no application. Benson v. Travelers' Ins. Co. (Tex.Civ.App.) 40 S.W.(2d) 966 (writ dismissed); National Indemnity Underwriters of America v. Wood (Tex.Civ. App.) 104 S.W.(2d) 896. Appellee having, as we understand his brief, conceded the above conclusion to be correct, we shall not further consider the second ground formerly depended upon by appellee for his right to retain venue of this cause in Fisher county.

■ We shall now consider whether or not the court was authorized to overrule the plea of privilege on the theory that fraud was committed in Fisher county in procuring the compromise settlement agreement. There is no evidence of representations, fraudulent or otherwise, relied upon as inducing Cole to enter into the compromise agreement, unless it be shown by the following testimony of the doctor who treated him for his injuries.

"Q. Did he [Cole] ask your suggestion and advice about it? A. He asked my opinion, yes sir.

"Q. Did you tell him that you thought he would be able to go back to work in a month? A. That's right. I told him I thought that would be a fair settlement."

In connection with the above quotation from the testimony, we desire to point out that the doctor testified he had attended and treated Mr. Cole for about 40 days after his accidental injuries on the 4th of September; that on the day of the execution of the agreement some person who is not identified in the record, but who, for the purpose of this opinion, we will assume to be the adjuster for the insurance company, came with Mr. Cole to the doctor's office; that said two visitors stayed in the doctor's office for thirty or forty minutes; that the question of settlement was discussed; that Cole participated in such discussion. The doctor testified further that no misrepresentations were made to Cole by any one; that there was just a free open discussion; that Cole signed the settlement agreement, understanding that he was making a final settlement, and agreed to accept the sum of $58.50. This testimony is not disputed.

Unless such testimony is sufficient to authorize a finding that fraud in procuring the settlement agreement was perpetrated upon Cole in Fisher county, there is no evidence to support such a conclusion.

We are of the opinion that the evidence is insufficient to support a finding of fraud perpetrated in said county.

The evidence quoted came from appellee's witness, the doctor in question. He was employed by appellant to attend to appellee after his injuries. For the purpose of this opinion we assume that he was the agent of appellant. He was also the family physician of appellee. Appellee's said witness testified without contradiction that the settlement agreement was arrived at after a free open discussion of the matter; that appellee understood he was making a settlement, and that when he signed the release "that was the end of it."

■ The statement of the doctor, we think, cannot be fairly construed as anything more than an expression of an honest opinion that appellee would be able to work in a month. Appellee's witness, the doctor, said that appellee asked for his opinion, and the doctor told appellee what he, the doctor, thought; that is, that the doctor "thought" appellee would be able to go back to work in a month and "thought" the amount agreed upon would be a fair settlement. As we understand appellee's brief, there was and is no contention that the doctor's expression of his opinion was intentionally false, dishonest, or fraudulent, nor is it contended that the doctor's statement was anything further than the requested expression of his honest opinion. If there be any contention to the contrary, we think it finds no support in the evidence. Be the opinion honest or otherwise, before it could be a possible basis for a finding that a fraud was perpetrated, the doctor's statement must be shown to have been false. It is not shown to have been incorrect, unless it be shown by the evidence that after the injury the appellee became insane. We do not believe that proof that a person is sane prior to an accident and that at some time after the accident he becomes insane, in the absence of evidence of some character, opinion or otherwise, that the accident was the cause of the insanity, constitutes proof that the insanity is a result of the accident. There was, therefore, no proof that the doctor's statement to ap-

pellee at the time of the discussion of the settlement agreement and prior to its execution was incorrect. Certainly before the doctor's statement can be held to be legally fraudulent it must be shown to have been a statement of something more than an honest opinion and his statement must be shown to have been false. In our opinion, the doctor's statement is not shown to have been other than the expression of an honest opinion not relating to a then existing fact, and, furthermore, it is not shown to have been either incorrect or false.

■ The case of Gulf, C. & S. F. Ry. Co. v. Huyett (Tex.Civ.App.) 89 S.W. 1118, 1119; Id., 99 Tex. 630, 92 S.W. 454, 5 L.R.A.(N.S.) 669; Id., 49 Tex.Civ.App. 395, 108 S.W. 502, is distinguishable on the facts. In said case, there was found to be a false statement by a doctor employed by the railroad company to the releasor of a then existing fact coupled with an opinion as to the patient's future progress and recovery, the statement being, "Huyett you are not damaged. You will soon be as good a man as ever. You will soon be able to go to work." However, the question of a mere expression of opinion as distinguished from a statement of a then existing fact does not appear to have been raised in the case and is not discussed. The eminent judge who tried this case is the author of the opinion in Cowan v. El Paso Electric Ry. Co. (Tex.Com.App.) 271 S.W. 79, 81, and therein recognized the necessity that in such cases the doctor's representations (under a comparable fact situation) must be "as to a then existing condition of fact" and not a mere expression of opinion as to the patient's future progress and recovery. We realize there may be exceptions to such rule, but they are not applicable to the fact situation here disclosed.

"* * * the courts generally recognize the abstract rule that representations by the releasee's physician as to the future results of the injuries, such as the time necessary for or likelihood of recovery, if made in good faith, are mere expressions of opinion and not representations of past or present facts, and, though they prove not to be true, will not afford ground for avoiding a release." 23 R.C.L. § 21, p. 392.

"As a general rule, a false statement by a physician as to a patient's present condition is treated as a statement of fact, while one made as to his future condition is essentially an expression of opinion or prediction as to the future." 36 Tex.Jur. § 13, p. 811.

"A representation which is expressed and understood as nothing more than a statement of opinion cannot constitute fraud, and this is especially true where the opinion expressed is honestly entertained." 26 C.J. § 20, p. 1079.

See Quebe v. Gulf, C. & S. F. Ry. Co., 98 Tex. 6, 81 S.W. 20, 66 L.R.A. 734, 4 Ann. Cas. 545; Texas Midland R. R. v. Wilson (Tex.Civ.App.) 263 S.W. 1109 (writ dismissed); El Paso & Southwestern Co. v. Kramer (Tex.Civ.App.) 141 S.W. 122 (writ refused); 20 Tex.Jur. § 105, p. 153; Alenkowsky v. Texas & N. O. Ry. Co. (Tex.Civ.App.) 188 S.W. 956; St. Louis Southwestern Ry. Co. v. Thomas (Tex.Civ. App.) 244 S.W. 839; Houston & T. C. Ry. Co. v. Brown (Tex.Civ.App.) 69 S.W. 651; Galveston, H. & S. A. Ry. Co. v. Cade (Tex.Civ.App.) 93 S.W. 124, 127; Missouri, K. & T. Ry. Co. v. Haven (Tex.Civ.App.) 200 S.W. 1152, 1155; Casualty Reciprocal Exchange v. Bryan (Tex.Civ.App.) 101 S. W.(2d) 895, 898; see note 48 L.R.A.(N. S.) 449; notes, 5 L.R.A.(N.S.) 664.

In Carroll v. United Rys. Co., 157 Mo. App. 247, 137 S.W. 303, 304, 308, it is said: "It needs no citation of authorities to support the proposition that a release executed on the faith of representations or beliefs as to what will happen in a given case, representations of a future event, or a future happening, are not sufficient to avoid the release when executed fairly. The fact necessary to be proven, is the statement of a fact, not of a mere opinion; especially is it not to be based on a belief or opinion on something that is to occur in the future, the happening of which is beyond the control of the party making the representation. If all that was in this case was a mere statement of opinion of the doctor as to the probable duration of the confinement of plaintiff by reason of her broken limb, there would be no substantial evidence on which to sustain a verdict avoiding and annulling the release." 50 L.R.A.(N.S.) 1092, note.

■ A portion of appellee's brief is devoted to a contention that the judgment should be sustained because of appellee's mental incapacity. We do not deem proof of appellee's incapacity as directly material on the question of venue. Of course, the release may be set aside if appellee was

mentally incompetent at the time of the execution of such release, but such proof has no direct reference to the question of venue here involved. We think, if it has any bearing upon the question of venue, that it might be considered by the court or jury in determining whether or not as a matter of fact appellee did rely upon the alleged representations of appellant's physician, but the question of his mental incapacity can have no controlling effect upon the matters herein discussed.

For the reasons stated, we feel constrained to reverse the judgment of the district court. The order appealed from is set aside, the plea of privilege sustained, and the cause remanded with instructions to change the venue to Dallas county.

Judgment reversed and cause remanded, with instructions.