## LIPSCOMB et al. v. HOUSTON ELECTRIC CO.

### No. 11143.

Court of Civil Appeals of Texas. Galveston.
March 27, 1941.

Able & Stokes, Levert J. Able, and Troy T. Stokes, all of Houston, for appellants.

J. C. Hutcheson, III, and Wm. R. Brown, both of Houston (Baker, Botts, Andrews & Wharton, of Houston,· of counsel), for appellee.

MONTEITH, Chief Justice.

This action was originally brought by appellant, Julia Lipscomb, joined pro forma by her husband, Claude Lipscomb, to set aside a release and to recover damages for personal injuries alleged to have been sustained by her as the result of a fall while alighting from a street car owned and operated by appellee, Houston Electric Company. Later, by amended pleading, Claude Lipscomb was made a real party plaintiff to the suit.

The suit arose out of an accident which occurred in the City of Houston in the early morning of January 24, 1934. Appellants alleged that while a passenger on said street car Julia Lipscomb requested the motorman to allow her to alight at the nearest stop to the Farmer's Market; that when he stopped the car and she attempted to alight she stepped from the car into a hole and fell, injuring herself. They alleged that appellee was guilty of negligence in not providing a safe place to disembark from said street . car and in stopping it in an unsafe place for Mrs. Lipscomb to alight, and that appellee, through its servants and employees, knew or should have known that such place was unsafe for disembarking and that such negligence proximately caused the accident in question.

They alleged that shortly after said accident, in reliance on the false and fraudulent representations of appellee, its agents and physician, to the effect that Mrs. Lipscomb had recovered from her injuries, they had executed an instrument releasing appellee from all liability growing out of said accident.

Appellee answered by general demurrer, general denial and exceptions and a plea of contributory negligence in general terms. It specially pled the two and four years' statutes of limitation, as a bar to appellant's recovery.

At the close of appellant's evidence, on motion of appellee, the· court withdrew the case from the jury and rendered judgment that appellants take nothing by their suit, for the reason that appellants had failed to prove actionable negligence on the part of appellee.

The controlling questions presented herein are: (1) Whether there is any evidence in the record which, when considered by itself, would, if accepted by the jury as true, have raised an issue of fact which would have supported a judgment in favor of appellants; and (2) whether appellants' cause of action growing out of said accident was extinguished by the release executed by appellants.

■ It is the established law in this state that when a litigant requests the court to peremptorily instruct a verdict in his behalf he admits as true all the evidence supporting the contentions of the adverse party. Lawson v. Hutcherson, Tex.Civ.App., 138 S.W.2d 131; Owen v. Al Parker Securities Co. et al., Tex.Civ. App., 296 S.W. 620, affirmed by Tex.Com. App. in 1 S.W.2d 271.

■ Further, it is held to be reversible error for the court to direct a verdict where, disregarding all adverse evidence and giving credit to all evidence favorable to plaintiff which might have been drawn from the facts proven, a jury might have found in favor of the plaintiff. Coca Cola Bottling Co. v. Dickson, Tex.Civ. App., 115 S.W.2d 1223; Dendy v. Cockerham et al., Tex.Civ.App., 82 S.W.2d 756.

■■ The law is, however, equally well established in this state that the mere fact of an accident resulting in injury or death does not raise a presumption of negligence on the part of the person causing the injury, and that the plaintiff has the burden of establishing his case and of proving not only the negligence of defendant relied on as a ground of recovery by clear and direct testimony, but he must prove that such negligence was the cause of the injury complained of. It is held that, even if negligence is established, it will not be presumed or inferred that such negligence was the cause of the injury. Kelley et al. v. Burlington-R. I. Ry. Co., Tex.Civ.App., 100 S.W.2d 164, writ refused; Texas & N. O. Ry. Co. v. Crowder, 63 Tex. 502; Galveston, H. & S. A. Ry. Co. v. Easton, Tex.Civ.App., 257 S.W. 924; 52 C.J. pp. 705, 706.

In the instant case, Mrs. Lipscomb was the only witness to testify as to how the accident in question took place. She testified as follows:

"Q. Did you proceed to get off? A. Yes, I stepped in a hole and fell.

"Q. Did you step in a hole after you got off the street car? A. Yes, sir.

"Q. You say you fell, tell the jury how you did fall. A. As I alighted from the car I fell on my face and bruised my knee cap. * * *

"Q. You say you fell just as you stepped off the car? A. I stepped in a hole when I got off the car.

"Q. Did you make any steps after you got off the car? A. No, sir."

Although appellants alleged that appellee was negligent in not providing Mrs. Lipscomb a safe place to alight from such street car and in stopping the car in an unsafe place, the only proof offered as to said alleged acts of negligence, as shown from above quoted testimony of Mrs. Lipscomb, was that in alighting from said street car she stepped into a hole and fell. There is no proof in the record as to the size and depth of the hole into which she is alleged to have stepped, as to how long the hole had been in the street, whether it was of sufficient size to have been visible to the motorman, or whether he had knowledge of or opportunity to learn of its existence. Further, there is no proof in the record that the motorman stopped his car at an unusual place, or that he did anything except to comply with her request to allow her to alight at the nearest stop to the Farmer's Market.

■ The above facts go no further than to show an unexplained accident in which Mrs. Lipscomb sustained an injury. Since the existence of facts which would show actionable negligence on the part of appellee cannot be presumed, the action of the trial court in discharging the jury and rendering judgment in favor of appellee must be sustained.

Appellee's contention that appellants' cause of action was extinguished by the release executed by them must also be sustained.

Appellants alleged that they were induced to execute the release in question by reason of false and fraudulent representations made to them by Dr. Allan Collette, who was alleged to be an agent and employee of appellee.

No sufficient authority authorizing Dr. Collette to bind appellee by the statements he is alleged to have made to appellants is shown in the record.

Dr. Collette testified that he was not employed by appellee; that he did not re-

call who called him to see Mrs. Lipscomb, but that after he had seen her and had learned that appellee was involved in said accident, he had called the Houston Electric Company and asked if he should go ahead and treat her; that he was informed by the representative of the company that he could go ahead if he wished; that the payment of his bill would not be guaranteed, but that it would be protected if possible. After the execution of said release his bill was paid by appellee, as part of the consideration of said release.

Mrs. Lipscomb testified that she only signed the release because of the representations of Dr. Collette that she was all right.

 It seems to be the settled law in this state that, in order to avoid the effect of a release on the ground of misrepresentations or fraud on the part of physicians, the releasor must show that the physician was employed by the releasee, since otherwise the latter would not be responsible for their representations and advice. 48 A.L.R. 1462, 1510; 53 Corpus Juris, p. 1225. Our Texas courts have gone even further in holding that where it is sought to set aside a release for personal injuries on the ground of fraudulent representations by the releasee's physician, it must appear that the representations were made by a physician who was authorized to settle the claim (Chicago, R. I. & G. R. Co. v. Taylor, Tex.Civ.App., 203 S.W. 90; Gulf, C. & S. F. Ry. Co. v. Huyett, 99 Tex. 630, 92 S.W. 454, 5 L.R.A., N.S., 669), or that they were fraudulently used by the releasee or his agent taking advantage of the claimant's confidence in the physician's judgment to effect a settlement disadvantageous to the injured person. Cowan v. El Paso Elec. R. Co., Tex. Com.App., 271 S.W. 79; Gulf, C. & S. F. Ry. Co. v. Huyett, 49 Tex.Civ.App. 395, 108 S.W. 502, error refused; Great American Indemnity Co. v. Blakey, Tex.Civ.App., 107 S.W.2d 1002; 36 T.J. 183, § 115.

██ Applying these principles to the facts in the instant case, it is apparent that Dr. Collette was not only not an employee of appellee, but he is not shown to have had authority to effect a settlement with appellants, and there is no evidence that the representations made by him to appellants were not made in good faith as an expression of his opinion.

It follows from the above conclusions that the judgment of the trial court must be in all things affirmed.

Affirmed.