**IVORY & BLACK TAXICAB CO. et al. v. VILLAREAL.**

No. 4720.

Court of Civil Appeals of Texas. El Paso.

May 31, 1950.

Rehearing Denied June 21, 1950.

Faulk, Sharp & Cunningham, Brownsville, for appellants.

Brown & Keiser, Harlingen, Singleton, Smyth, Morris, Lockhart & Edwards, Amarillo, for appellee.

PRICE, Chief Justice.

This is an appeal from the District Court of Cameron County, 107th Judicial District of Texas. Benito Villareal as plaintiff sued Ivory & Black Taxicab Company and Dr. George L. Gallaher as defendants. The parties will be hereinafter designated as they were in the trial court. Plaintiff sought a recovery of damages against defendant Cab Company for personal injuries alleged to have been inflicted upon him by it while a relationship of carrier and passenger existed. In the event plaintiff was precluded from recovering damages by reason of a certain release executed by him to defendant cab company, then in that event in the alternative he sought damages against the individual defendant for misrepresentation leading him to execute said release. In the event he was successful in setting aside the release damages were sought of the individual defendant by reason of expenses incurred in setting aside the release. These damages were alleged to be $500.00.

The trial was before the court with a jury, submission was on special issues. On the verdict returned the court entered judgment in the sum of $1747.20 in favor of plaintiff against the taxicab company and the individuals doing business under that name and against the plaintiff as to defendant Dr. Gallaher. The taxicab company and individuals doing business under that name have perfected this appeal.

The first error assigned is the court erred in rendering judgment cancelling the release executed by appellee on April 17, 1948, because there was no basis in the verdict or the undisputed evidence for such action. This assignment will be first considered, as if sustained it would dispose of all the issues involved in this appeal. There is no contention but that if the verdict was insufficient to support the judgment rendered the verdict should have been for the defendants.

Plaintiff sought to recover damages for personal injuries alleged to have been inflicted on him by an employee of defendants while plaintiff was a passenger in a taxicab operated by said employee for said defendants.

Defendants plead in bar of the cause of action, asserted that on April 17, 1948, plaintiff had released and compromised the cause of action asserted in plaintiff's petition.

. Plaintiff assailed this release and sought to set same aside on the ground that same was obtained by fraud and misrepresentation.

Specifically it is alleged that the defendants forming the taxicab company employed the Lloyd Caldwell Corporation Claims Service to negotiate with and secure from the plaintiff a compromise or settlement of any claim that he might have against said defendants after the collision in question in the suit, that acting under the authorization of said defendants said claims service appointed defendant Dr. George L. Gallaher its agent for the purpose of securing reports as to the physical condition of plaintiff and received from him reports as to the physical condition of plaintiff, the last of which was dated April 5, 1948, and was read by Harvey Oler, agent of said claims service, to the plaintiff and used by him in procuring the release and settlement in question.

The report represented that the ulnar nerve of plaintiff's right arm had almost completely regenerated and would completely regenerate so that plaintiff would have no permanent disability; that relying upon the report said plaintiff released his entire claim against the defendants operating the taxicab company upon the payment of $684.70, the said sum being the amount of his medical expenses and loss of earnings during the time of his total incapacity for work from November 23, 1947 to January 5, 1948; that the representations were wholly false and untrue; that the plaintiff was unable to repay said sum of $684.70 at the present time or to pay same into court but he stood ready and willing for said amount to be allowed against and discounted from any amount to which he may be found entitled in this action against the defendants composing the taxicab company. Other grounds for setting aside the release were alleged but none of these were submitted to the jury and there was no evidence offered sustaining same.

The verdict established and the evidence sustained that part of the verdict that plaintiff prior to the execution of the release in question had a cause of action against the defendants composing the taxicab company. That portion of the judgment is unnecessary to further discuss or summarize.

The verdict further found in favor of plaintiff as against all defenses urged by the defendant save and except as to the release in question. Appellants make no point that it did not. See brief of Appellee, p. 8. In our opinion the evidence was sufficient to sustain the verdict in this respect. The question as to whether the verdict was sufficient to justify the judgment in setting aside the release in question is the question posed by the assignment under consideration.

Special Issue No. 16 was as follows: "Do you find from a preponderance of the evidence that the representation of Defendant Dr. George L. Gallaher contained in his final report dated April 5, 1948 to Lloyd Caldwell Corporation Claims Service that 'the nerve has almost completely regenerated' was false?" Answer: "Yes."

Special Issue No. 17 was as follows: "Do you find from a preponderance of the evidence that Defendant Dr. George L. Gallaher then and there on April 5, 1948

knew that said representation was false, if you have found said representation was false?" Answer: "No."

Special Issue No. 18 was as follows: "Do you find from a preponderance of the evidence that Defendant Dr. George L. Gallaher by the exercise of reasonable care could have known that said representation was false, if you have found said representation was false?" Answer: "No."

Special Issue No. 19: "Do you find from a preponderance of the evidence that Defendant Dr. George L. Gallaher lacked sufficient information to make the representation that 'the nerve has almost completely regenerated' to Lloyd Caldwell Corporation Claims Service on April 5, 1948?" Answer: "Yes".

Special Issue No. 20: "Do you find from a preponderance of the evidence that Defendant Dr. George L. Gallaher knew that he lacked sufficient information to make the representation that 'the nerve has almost completely regenerated' on April 5, 1948?" Answer: "No."

Special Issue No. 21: "Do you find from a preponderance of the evidence that Defendant Dr. George L. Gallaher by the exercise of reasonable care could have known that he lacked sufficient information, if you find that he did lack sufficient information, to make the representation 'the nerve has almost completely regenerated'?" Answer: "No."

Special Issue No. 22: "Do you find from a preponderance of the evidence that the plaintiff Benito Villareal believed the representation made by Dr. George L. Gallaher as follows: 'The nerve has almost completely regenerated'."? Answer: "Yes."

Special Issue No. 23: "Do you find from a preponderance of the evidence that the Plaintiff Benito Villareal relied upon the representation of Dr. George L. Gallaher made April 5, 1948, that 'the nerve has almost completely regenerated' in executing the release with Ivory & Black Taxicab Company?" Answer: "Yes."

Special Issue No. 24: "Do you find from a preponderance of the evidence that the representation of Dr. George L. Gallaher contained in his final report to Lloyd Cald-well Corporation Claims Service that 'I can now definitely state that it will completely regenerate so that he will have no permanent partial disability as a result of this accident' was false?" Answer: "False yes."

Special Issue No. 25: "Do you find from a preponderance of the evidence that Defendant Dr. George L. Gallaher knew that the representation made on April 5, 1948, and referred to in the above special issue was false, if you have found said representation was false?" Answer: "No."

Special Issue No. 26: "Do you find from a preponderance of the evidence that Defendant Dr. George L. Gallaher by the exercise of reasonable care could have known that the representation referred to in special issue number 24 was false, if you have found said representation was false?" Answer: "No."

Special Issue No. 27: "Do you find from a preponderance of the evidence that Defendant Dr. George L. Gallaher lacked sufficient information to make the representation on April 5, 1948, and referred to in special issue number 24?" Answer: "Yes."

Special Issue No. 28: "Do you find from a preponderance of the evidence that Defendant Dr. George L. Gallaher knew he lacked sufficient information, if you have found he did lack sufficient information, to make the representation on April 5, 1948, and referred to in special issue number 24?" Answer: "No."

Special Issue No. 29: "Do you find from a preponderance of the evidence that Defendant Dr. George L. Gallaher by the exercise of reasonable care could have known that he lacked sufficient information, if you find he lacked sufficient information, to make the representation on April 5, 1948, and referred to in special issue number 24?" Answer: "No."

Special Issue No. 30: "Do you find from a preponderance of the evidence that the Plaintiff Benito Villareal believed the representation of Defendant Dr. George L. Gallaher referred to in special issue number 24?" Answer: "Yes."

Special Issue No. 31: "Do you find from a preponderance of the evidence that Plaintiff Benito Villareal relied upon the representation referred to in special issue number 24 in executing the release with Ivory & Black Taxicab Company?" Answer: "Yes".

Special Issue No. 32: "Do you find from a preponderance of the evidence that the representations of Defendant Dr. George L. Gallaher contained in his final report dated April 5, 1948, to Lloyd Caldwell Corporation Claims Service were made in bad faith?" Answer: "No."

Special Issue No. 33: "Do you find from a preponderance of the evidence that Defendant Dr. George L. Gallaher was the agent of Lloyd Caldwell Corporation Claims Service for the purpose of making the final report dated April 5, 1948, to said claims service as to the physical condition of Benito Villareal at that time?" Answer: "No."

Special Issue No. 34: "Do you find from a preponderance of the evidence that the final report dated April 5, 1948, of Defendant Dr. George L. Gallaher to Lloyd Caldwell Corporation Claims Service was used by Lloyd Caldwell Corporation Claims Service for the purpose of procuring a release from Plaintiff Benito Villareal?" Answer: "Yes."

Special Issue No. 35: "Do you find from a preponderance of the evidence that Dr. George L. Gallaher, in preparing and sending to Lloyd Caldwell Corporation Claims Service the final report dated April 5, 1948, was acting in behalf of Lloyd Caldwell Corporation Claims Service?" Answer: "No."

Special Issue No. 36: "Do you find from a preponderance of the evidence that the final report dated April 5, 1948 of Defendant Dr. George L. Gallaher was sent to the Lloyd Caldwell Corporation Claims Service with the acquiescence and consent of the Plaintiff Benito Villareal?" Answer: "Yes."

In response to Special Issue No. 37 the jury fixed plaintiff's damages on the original cause of action as against the taxicab defendants at $1747.20, and the issue of punitive damages was submitted as against defendant Dr. George L. Gallaher, but same was answered in his favor.

The only evidence tending to show in any way that Dr. Gallaher was in any way connected with the Claims Service, acting in behalf of defendant, was that the check representing plaintiff's doctor bill was made payable to plaintiff and to Dr. Gallaher. The verdict establishes that Dr. Gallaher was not the agent of the Claims Service adjusting the claim for the defendants other than Dr. Gallaher. The finding on Special Issue No. 34 is not very clear. It is to the effect that the report dated April 5, 1948 of Dr. Gallaher to the Corporation Claims Service was used for the purpose of procuring a release from Benito Villareal; No. 35 that in preparing and sending said report to the Claims Service Dr. Gallaher was not acting in behalf of the Claims Service. As shown by issue No. 36, copied above, this report was sent with the acquiescence and consent of the plaintiff. There was no issue submitted as to any false representations made to plaintiff other than by his own physician, Dr. Gallaher. It may be fairly inferred, however, that the Claims Service, acting for the defendants in effecting the settlement did call plaintiff's attention to Dr. Gallaher's report of April 5, 1948. There is no evidence, so far as has been called to our attention, as would justify a finding that defendants through the Claims Service or otherwise knew anything more about plaintiff's physical condition than did plaintiff. The verdict establishes that Dr. Gallaher's representations were made in good faith and without negligence on his part. There is no evidence to impugn the good faith of defendants in regard to the report of Dr. Gallaher, at least there has none been called to our attention in the statements. The verdict established in making the report Dr. Gallaher was not acting for the defendants.

■ Plaintiff as justification of the judgment rendered on the verdict relies in a large part on the cases of Gulf C. & S. F. R. Co. v. Huyett, 99 Tex. 630, 92 S.W. 454, 5 L.R.A., N.S., 669, and disposition after

opinion by the Supreme Court, Gulf C. & S. R. R. Co. v. Huyett, 49 Tex.Civ.App. 395, 108 S.W. 502 (Wr.Den.); Cowan v. El Paso Elec. Co., Tex.Com.App., 271 S.W. 79. It is clear that if a defendant causes a misrepresentation to be made to a plaintiff and thus secures a release of the cause of action, the release may be set aside. This is true even though such misrepresentation be made without notice on the part of defendant if it adopts and uses a false representation made by one of its employees even though at the time of making same such employee had not the authority to make same the release may be set aside.

Here it is established by the verdict that the furnishing of reports to the adjustment agency was authorized by plaintiff. If defendant be held liable for misrepresentation of the doctor employed by plaintiff it will be held liable for misrepresentation which plaintiff authorized to be made to a representative of defendant as to his physical condition. Plaintiff's claim was settled on the basis of his representations rather than those of defendants. It was the doctor's representation he relied upon in making the settlement. Defendant's agent obtaining the release did disclose to plaintiff that the report of the doctor which plaintiff had authorized the doctor to make to it indicated that his injuries were neither serious nor permanent. The report of plaintiff's doctor was furnished to the agent of defendants acting in the matter of settlement of the claim. Under the verdict plaintiff's release was on the representation of his own doctor. There is no evidence that the defendant knew such representations were incorrect. There is no evidence that plaintiff's own doctor in making the report as to plaintiff's physical condition acted fraudulently. There is no evidence of any false representation made by defendants or any of its agents that misled the plaintiff. Lacking is any evidence or finding that defendant had any notice of the misrepresentation to plaintiff made by his own doctor—in fact

it is a fair inference from the verdict and the facts that plaintiff relied on his own investigation as to the nature and extent of his injuries. His own doctor, so far as the evidence goes, had the better opportunity to know and ascertain the facts. There is no evidence that defendant had any opportunity to know that plaintiff's injuries were more serious than asserted by plaintiff's doctor. It was not in reliance on any facts represented to exist by defendants or their agent or agents that plaintiff relied in executing the release in question.

If this release was a result of a mistake on the part of plaintiff it, under the evidence and verdict, was a unilateral mistake. Under the evidence and the verdict defendants made no representation to plaintiff other than had been made to them by authorization and consent of plaintiff. In making the settlement the verdict does not establish that defendants made or authorized to be made to plaintiff any false representation, likewise fails to establish any misrepresentation made to plaintiff by their authorization, in fact, if plaintiff was misled in making the release it was by the innocent misrepresentations made by his own doctor. The verdict established this was the misrepresentation relied upon by plaintiff in executing the release. The following authorities are deemed inferentially at least to support the disposition made of this appeal. Gulf C. & S. F. v. Huyett, 99 Tex. 630, 92 S.W. 454, 5 L.R.A., N.S., 669; Id., 49 Tex.Civ.App. 395, 108 S.W. 502; Lipscomb v. Houston Elec. Co., Tex.Civ.App., 149 S.W.2d 1042; Darling v. Panhandle & S. F. R., Tex.Civ.App., 209 S.W.2d 660, (Wr.Ref.N.R.E.); Davis v. Commercial Ins. Co., Tex.Civ.App., 194 S.W.2d 599, (Wr.Ref.N.R.E.).

Appellants breached no legal duty owed to plaintiff.

It is ordered that the judgment as to defendant Dr. George L. Gallaher be in all things affirmed; that the judgment in favor of plaintiff against the other defendants be reversed and judgment here rendered that as to said defendants plaintiff take nothing.